## Richmond

### PENINSULA TRANSPORTATION DISTRICT COMMISSION

### V.

### MARY H. GIBBS

Record No. 831712.

January 18, 1985.

Present: All the Justices.

*George M. Kelley, III (Parker, Pollard & Brown, P.C.,* on brief), for appellant.

*Stephen M. Smith (Joseph Smith, Ltd.,* on brief), for appellee.

CARRICO, C.J., delivered the opinion of the Court.

This is an appeal in a worker's compensation case. The question for decision is whether the Industrial Commission erred in awarding compensation and medical expenses to the claimant, Mary H. Gibbs, despite her refusal to choose a physician from a panel selected by the employer, Peninsula Transportation District Commission, pursuant to Code § 65.1-88.[1]

This Code section requires an employer to furnish an injured employee "a physician chosen by the injured employee from a panel of at least three physicians selected by the employer." The Code section provides that the "unjustified refusal of the employee to accept such medical service . . . shall bar the employee from further compensation until such refusal ceases."

In the present case, the record shows that on the morning of November 6, 1982, a Saturday, the claimant was operating one of the employer's buses in the City of Newport News when the vehicle was struck by an automobile, injuring the claimant. She was taken to the emergency room of a local hospital, where she was treated and released with instructions to consult her own physician.

On Monday morning, November 8, the claimant telephoned her physician and made an appointment to see him at 3:00 p.m. that same day. Later in the morning, she visited the employer's offices to make a formal report of her injury.[2] She was given three forms, including a form listing the names and addresses of three general-practice physicians. She was asked to choose one of the doctors as her treating physician, but she said that all three were too "far

---

[1] § 65.1-88. *Duty to furnish medical attention, etc., and vocational rehabilitation; effect of refusal of employee to accept.* — As long as necessary after an accident the employer shall furnish or cause to be furnished, free of charge to the injured employee, a physician chosen by the injured employee from a panel of at least three physicians selected by the employer and such other necessary medical attention. . . .

. . . .

The unjustified refusal of the employee to accept such medical service . . . when provided by the employer shall bar the employee from further compensation until such refusal ceases and no compensation shall at any time be paid for the period of suspension unless, in the opinion of the Industrial Commission, the circumstances justified the refusal. In any such case the Industrial Commission may order a change in the medical or hospital service

. . . .

[2] The accident had been reported to the employer on Saturday, November 6, immediately after it occurred.

away" and that she wanted to consult her attorney before signing any of the forms or selecting any of the physicians named in the form. When she stated that she had an appointment with her own doctor, she was advised that if she chose to be treated by him, the cost of his treatment would not be paid as part of her worker's compensation claim.

After consulting with her attorney, the claimant notified the employer that she would not make a selection from the panel of physicians but would be treated instead by her own doctor. She suffered temporary total disability from November 7, 1982, to January 2, 1983, and from January 6 to January 23, 1983. When the employer refused to pay compensation for these periods of disability, the claimant filed an application for a hearing with the Commission.

A deputy commissioner conducted a hearing on the application. He ruled that the claimant was barred from receiving compensation because her refusal to select a physician from the employer's panel was unjustified. The claimant then sought review by the full Commission. In a split decision, with Commissioner James dissenting, the Commission reversed the deputy commissioner's ruling and held that the claimant was justified in seeking treatment from her own physician. Accordingly, the Commission awarded the claimant compensation for the periods of temporary total disability she suffered and for her medical expenses.

The Commission's award in favor of the claimant was based upon its earlier decision in *Dooley* v. *McCormick Foods, Inc.*, 56 O.I.C. 97 (1975). There, interpreting Code § 65.1-88, the Commission said:

> [W]hen it is practical to do so the employer shall, upon the occurrence of an accidental injury, bring to the attention of the injured employee the names of the physicians on the employer's medical panel and the employee shall be afforded the opportunity to select the physician of his choice from that panel. If the employee refuses to make a selection of any single physician on the panel, after a meaningful opportunity is afforded him to do so, the employer shall then direct the employee to one of the panel physicians and the employee will be bound by the selection made by the employer.

56 O.I.C. at 99.

Applying the *Dooley* interpretation of Code § 65.1-88 to the present case, the Commission held:

> [I]nasmuch as the employer did not offer a panel of physicians at the time the claimant was injured, when [the employer was] aware of her injuries and need for medical treatment and did not follow the procedure set forth in *Dooley, supra*, the claimant made a proper selection of [her own physician] as the treating physician.

■ We focus first upon the Commission's finding that the claimant was justified in seeking other medical care because the employer failed to offer the claimant a panel of physicians "when [it become] aware of her injuries and need for medical treatment." We find no requirement in Code § 65.1-88 concerning the time after an accident within which an employer must offer an employee the panel of physicians prescribed by the Code section; therefore, the appropriate time must be determined by resort to a rule of reasonableness, with the time varying from case to case depending upon the different circumstances involved.

■ Nothing in the circumstances of this case indicates any urgency requiring the employer to offer the claimant a panel of physicians as soon as the employer learned the claimant had been injured or, indeed, at any time before the offer was made on Monday morning, November 8. The employer happened to learn of the accident immediately after it occurred. But, immediately after it occurred, the claimant was taken to the emergency room of a local hospital. There, she was treated and released with directions merely to consult her own physician. Neither the adequacy of the emergency room treatment nor the expense involved is an issue in the case, so the lack of an offer of a panel when the employer learned of the claimant's injury is irrelevant.

■ Furthermore, there is no indication that the claimant experienced any difficulty over the weekend requiring the services of a physician. Then, on Monday morning, shortly after she made an appointment to see her own physician but well before the time came for her to keep the appointment, the employer offered her its panel of physicians. We believe the claimant was under a duty to choose a physician from the panel; she would have had ample time to cancel the appointment with her own physician. Hence, the evi-

dence does not support the Commission's finding that the employer's offer of a panel was untimely.

■ We focus next upon the Commission's finding that the employer "did not follow the procedure set forth in *Dooley*" in designating the panel of physicians in this case. As noted previously, *Dooley* requires an employer to select one of the doctors on a panel as the treating physician when an employee refuses to make a selection. But, as Commissioner James pointed out in his dissenting opinion, "the *Dooley* Case places an additional burden on the employer which is not provided for in [Code § 65.1-88]." In other words, the Commission in *Dooley* sought to shift to an employer the onus of an employee's refusal to select from a panel. There is no authority in law to support the *Dooley* interpretation of Code § 65.1-88 or the application of that interpretation to the present case.

■ Finally, although the point is not mentioned in the Commission's opinion, we take note of the claimant's argument that she was justified in seeking treatment from her own physician because all three doctors on the employer's panel were too "far away." The Commission, however, adopted the deputy commissioner's findings of fact. Among other things, the deputy commissioner found that, although the claimant told the employer its physicians were too "far away," she did not "advise the employer that she was unable to drive," she "did not request any assistance of the employer in journeying to [a] doctor's office," and she "did not subsequently elect to receive treatment from a panel physician after she was again able to drive a car." These findings, and their adoption by the full Commission, foreclose any consideration of the claimant's argument that the physicians chosen by the employer were too "far away."

■ Because neither the law nor the evidence supports the award of the Commission, the award will be reversed, and the case will be remanded with directions to enter a new award eliminating any compensation or medical expenses during the period of the claimant's refusal to select a physician from the employer's panel.

*Reversed and remanded.*