DANIEL CONSTRUCTION COMPANY, ET AL.

V.

DONNIE L. BAKER

Record No. 840490

Decided June 14, 1985, at Richmond

Present: All the Justices

*Benjamin J. Trichilo (Lewis & Trichilo*, on brief), for appellants.
*Nikolas E. Parthemos (Hall, Monahan, Engle, Mahan & Mitchell*, on briefs), for appellee.

CARRICO, C.J., delivered the opinion of the Court.

In this workers' compensation case, the claimant, Donnie L. Baker, sustained a back injury on July 25, 1980, while employed by Daniel Construction Company as an electrician. The claimant was paid compensation for temporary total disability through June 11, 1982. Effective on that date, compensation was terminated upon the Industrial Commission's finding that the claimant was able to return to his regular employment; however, he has never returned to his pre-injury duties.

On June 8, 1983, the claimant filed an application for reinstatement of compensation for temporary total disability, based upon a change in condition. At the time, there was pending before the Commission a request by the claimant that Dr. Benjamin Rezba, an orthopedist, be designated as the treating physician in place of another doctor designated previously.

Finding that the claimant had failed to prove he was "again disabled for his pre-injury work," the Commission denied his application for reinstatement of compensation. The Commission did grant, however, the claimant's request that Dr. Rezba be designated as the treating physician.

Further, noting Dr. Rezba had reported that "psychological considerations play a part in the claimant's symptomology," the

Commission ordered the employer to make available to the claimant a panel of three psychiatrists for the claimant's selection of a doctor to provide "a specific answer . . . to the question . . . whether the claimant is prevented from return to his pre-injury employment . . . as a result of psychological disability caused by his industrial accident."

The employer has appealed from the ruling relating to the designation of Dr. Rezba as the treating physician and from the order concerning the panel of psychiatrists. The employee has not appealed the denial of his application for reinstatement of compensation.

The record shows that following the claimant's injury, he was treated by Dr. James B. Troup, an orthopedist apparently selected by the claimant but later designated by the Commission as the treating physician. While the claimant was still under Dr. Troup's care, the employer requested an examination by Dr. Stephen M. Levin, another orthopedist. Following this examination, Dr. Troup suggested that the claimant be referred to Dr. Levin for treatment, and the employer approved this referral.

After a course of treatment, Dr. Levin reported on August 31, 1982, that the claimant was able to return to his regular work duties. The claimant then on his own saw Dr. Rezba on September 2, 1982. Dr Rezba reported that the claimant was "still disabled" as a result of his industrial accident.

On September 28, 1982, the Commission directed the claimant to "report back to Dr. Troup for treatment [or] further referral." Doctor Troup saw the claimant on December 22, 1982, and on December 27 reported that he could not "find anything here to specifically treat" and that he did not believe he could help the claimant. Doctor Troup stated he was aware that the claimant had seen Dr. Rezba and that Dr. Rezba felt he could "do something to help this patient." Doctor Troup concluded by saying he would "suggest that arrangements be made for the patient to be treated by Dr. Rezba."

Upon receipt of this report, the employer wrote the claimant's counsel, stating that "[i]nasmuch as Dr. Troup does not wish to continue treating [the claimant], the employer . . . is offering [the claimant] a panel of three (3) physicians to choose from for treatment." The panel did not include the name of Dr. Rezba. The claimant's counsel responded with a request to the Commission that it designate Dr. Rezba as the treating physician. As pre-

viously noted, the Commission granted the request, and it is this action which is the subject of the employer's first assignment of error in the present appeal.

The employer does not contend that the claimant is not entitled to the services of a treating physician furnished at the employer's expense. Rather, the employer argues that because Dr. Troup, the previously designated treating physician, did not make "a medical referral" of the claimant to Dr. Rezba, the Commission should not have designated Dr. Rezba but should have required the claimant to select a new treating physician from the three-doctor panel offered by the employer.

We do not agree with the employer. Under Code § 65.1-88, an employer is required to furnish an injured employee "a physician chosen by the injured employee from a panel of at least three physicians selected by the employer and . . . other necessary medical attention." The Code section provides that the "unjustified refusal of the employee to accept such medical service . . . shall bar the employee from further compensation until such refusal ceases and no compensation shall at any time be paid for the period of suspension unless, in the opinion of the Industrial Commission, the circumstances justified the refusal." The Code section also provides that "[i]n any such case the Industrial Commission may order a change in the medical . . . service."

We applied Code § 65.1-88 in *Peninsula Trans. Dist. Comm.* v. *Gibbs*, 228 Va. 614, 324 S.E.2d 662 (1985), a case cited by the present employer. There, we reversed an award of compensation because of the employee's refusal to choose a physician from a panel. But the facts of the two cases differ materially. In *Peninsula*, the employer offered the employee a three-doctor panel only two days after the industrial accident and before the employee had received treatment from any physician. Here, the employer did not offer the employee a panel until almost two and one-half years after the industrial accident and after the claimant had been treated by a number of doctors.

Furthermore, in this case, contrary to the employer's assertion, the Commission specifically found that "Dr. Troup referred the claimant to Dr. Rezba," and this finding is supported by evidence. In his notes of the claimant's December 22, 1982 office visit, Dr. Troup wrote that "[Dr. Rezba] feels he can help the patient" and that "Dr. Rezba ought to be given a chance to follow the patient." In his December 27, 1982 report, Dr Troup stated that Dr. Rezba

"feels he can do something to help this patient" and that he, Dr. Troup, "would, therefore, suggest that arrangements be made for the patient to be treated by Dr. Rezba."

■ Whether Dr. Rezba should have been designated as the claimant's treating physician was a matter within the discretion of the Commission. Under the circumstances of this case, we cannot say that the Commission abused its discretion. Hence, we will not disturb the Commission's action with respect to Dr. Rezba.

The employer also assigns error to the Commission's action in requiring the employer to designate a panel of three psychiatrists, one of whom the claimant would select to decide whether he was suffering from a "psychological disability caused by his industrial accident." The employer contends the Commission exceeded its authority in this respect. On the other hand, the claimant contends the Commission acted within its authority because, under Code § 65.1-88, an employer is required to furnish "other necessary medical attention," and the services of a psychiatrist are included within this requirement.

■ On this phase of the case, the Commission stated in its written opinion that although Dr. Rezba believed "psychological considerations play a part in the claimant's symptomology, *the question of causal relationship to the original industrial accident has not been answered to the satisfaction of the Commission.*" (Emphasis added.) Having made this finding, the Commission should have ended its inquiry into the question of the claimant's alleged psychological disability.

■ The burden was upon the claimant to satisfy the Commission by a preponderance of the evidence both that he suffered from a psychological disability and that the disability was causally related to his industrial accident. *Watkins* v. *Halco Engineering, Inc.*, 225 Va. 97, 101, 300 S.E.2d 761, 763 (1983); *Ins. Management Corp.* v. *Daniels*, 222 Va. 434, 438-39, 281 S.E.2d 847, 849 (1981). It is clear from the record that the claimant utterly failed to establish even a prima facie case of psychological disability or causal relationship. Hence, it was error for the Commission to allow the claimant the benefit of any medical services incident to his alleged psychological disability.

For the reasons assigned, we will affirm the Commission's designation of Dr. Rezba as the claimant's treating physician, and we

will reverse and annul its action in requiring the employer to furnish the claimant a panel of psychiatrists.

*Affirmed in part and reversed in part.*