COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis
Argued at Alexandria, Virginia


STAFFORD COUNTY SHERIFF'S OFFICE
and
VIRGINIA MUNICIPAL GROUP                      OPINION BY
 SELF-INSURANCE ASSOCIATION          JUDGE JERE M. H. WILLIS, JR.
                                            APRIL 23, 1996
v.        Record No. 2275-95-4

VICTOR J. DEBORD


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Jennifer G. Marwitz (Ralph L. Whitt, Jr.;
          Sands, Anderson, Marks & Miller, on briefs),
          for appellants.

          Michael A. Kernbach (Laurie D. Waters; Jack
          T. Burgess & Associates, P.C., on brief), for
          appellee.


     On appeal from an award of compensation and medical expenses

to Victor J. DeBord, Stafford County Sheriff's Office (Stafford

County) contends that no credible evidence supports the

commission's finding that DeBord did not unjustifiably refuse

authorized medical treatment as required by Code § 65.2-603.  We

disagree and affirm the commission's decision.

     On appeal, we view the evidence in the light most favorable

to the party prevailing below.  Crisp v. Brown's Tysons Corner

Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986).

"Factual findings by the commission that are supported by

credible evidence are conclusive and binding upon this Court on

appeal."  Southern Iron Works, Inc. v. Wallace, 16 Va. App. 131,

134, 428 S.E.2d 32, 34 (1993).

On April 24, 1994, DeBord sustained a compensable injury by accident arising out of and in the course of his employment as a Stafford County deputy sheriff. He suffered chest injuries, lacerations, and soft tissue injuries to various parts of his body. He was treated at Fairfax Hospital and was released on April 25, 1994, with instruction to seek follow-up treatment with his family physician.

DeBord's family physician, Dr. Banzon, read about the accident in the newspaper. On April 26, 1994, Dr. Banzon called DeBord and suggested that he come in for a check-up. That same day, Detective Jerry Tulsom hand delivered to DeBord a list of panel physicians and a form for him to sign acknowledging receipt of the list. DeBord signed the acknowledgment form, which states, "I have received a copy of the Panel of Physicians list by my supervisor at the time I reported my work-related injury/illness. I will select a physician, if needed, from the list for any necessary treatment."

DeBord saw Dr. Banzon on April 29, 1994 and again on May 9. Prior to both visits with Dr. Banzon, DeBord notified Stafford County's injury coordinator and a Quick Fax Report was sent to the Virginia Municipal Liabilities Group (VML), the county's workers' compensation insurer. Neither party objected to DeBord's treatment by Dr. Banzon.

On May 12, 1994, after DeBord had returned to work, a representative of VML contacted DeBord concerning his treatment

by Dr. Banzon. On May 13, 1994, the carrier sent DeBord a letter stating that his claim was accepted as compensable and his emergency medical treatment would be covered. However, the letter advised him that because he had not sought follow-up treatment from a panel physician, his medical expenses and disability compensation would not be covered.

The deputy commissioner found that DeBord had not refused medical care from a panel physician, and that even if a refusal occurred, it was justified. The deputy commissioner awarded DeBord temporary total disability benefits from April 24, 1994 through May 9, 1994, and the reasonable cost of authorized medical care.

On review, the full commission found no unjustified refusal because DeBord had not refused to see a panel physician. It noted that Dr. Banzon practiced with the same medical group as a physician on the panel, but at a different location. The commission noted that DeBord had notified his employer and insurer prior to his treatment by Dr. Banzon and that neither the county nor VML had objected until after DeBord's release from Dr. Banzon's care and return to work.

Citing Peninsula Transp. Dist. Comm'n. v. Gibbs, 228 Va. 614, 324 S.E.2d 662 (1985), Stafford County contends that DeBord's right to compensation is barred because he unjustifiably refused to seek treatment by a panel physician. In Gibbs, the Supreme Court denied benefits because the claimant refused

treatment by a panel physician and instead sought treatment from her family physician. The Court held that the claimant was "under a duty to choose a physician from the panel." Id. at 618, 324 S.E.2d at 664. Stafford County argues that this case is factually the same as Gibbs.

Gibbs is distinguishable from the present case. In Gibbs, the claimant received a panel of physicians from a claims representative, who explained the panel to her. Her employer advised her that if she sought treatment from a non-panel physician, that treatment would be at her own expense. After conferring with her attorney, the claimant refused treatment by a panel physician. Her employer did not acquiesce in this refusal.

Upon his discharge from Fairfax Hospital, DeBord was instructed to consult his family physician. That physician, Dr. Banzon, contacted DeBord and arranged to see him promptly. Moreover, as the commission noted, Dr. Banzon was a member of the same medical group as a member of the panel. DeBord justifiably thought that he was seeking appropriate medical treatment in a manner designed to expedite his recovery and return to work. He did not perceive that another physician was needed. Informed of this course, neither the county's representative nor VML objected. Unlike the claimant in Gibbs, the claimant in this case at no time refused to be examined or treated by a panel physician.

Credible evidence supports the commission's finding that

DeBord did not unjustifiably refuse authorized medical treatment.

The decision of the commission is affirmed.

<u>Affirmed</u>.