COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Benton and Annunziata
Argued at Alexandria, Virginia


THE SOUTHLAND CORPORATION, t/a 7-ELEVEN
 STORE #23305 AND AMERICAN PROTECTION
 INSURANCE COMPANY
                                              OPINION BY
v.    Record No. 0532-00-4           JUDGE JAMES W. BENTON, JR.
                                            OCTOBER 31, 2000
SHARON WELCH


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Edward H. Grove, III (Brault, Palmer, Grove,
        Zimmerman, White & Steinhilber LLP, on
        brief), for appellants.

        Diane C. H. McNamara for appellee.


    This appeal arises from the Workers' Compensation

Commission's rulings that Sharon Welch's medical treatment was

unauthorized and that she did not unjustifiably refuse medical

treatment.  The Southland Corporation contends the commission

erred in ruling that Welch's failure to select a physician from

a panel did not bar her from receiving wage loss indemnity

benefits.  By cross-appeal, Welch contends the commission erred

in ruling that her failure to select a physician from the panel

rendered her treatment unauthorized.  We affirm the commission's

award.

At the evidentiary hearing on Welch's application for benefits, the evidence proved that Welch was injured at work on September 3, 1998, when a thirty to forty pound carton fell onto her right shoulder, neck, and back.  When her supervisor arrived at work, Welch reported her injury and left work because she was experiencing pain.  Although the supervisor did not direct Welch to any specific medical provider, Welch called her supervisor from home to tell her she intended to call Kaiser Permanente, Welch's medical insurance company, for medical treatment.  Her supervisor told her to do what she needed to do to get treatment.

That night, a person at Kaiser advised Welch by telephone to apply ice and heat on her injury, take Tylenol, and see a doctor in the morning if the injury was not better.  The next morning, Welch went to Kaiser and was examined by a nurse practitioner, who instructed Welch to take several prescribed medicines and to return if the symptoms increased or persisted. After leaving Kaiser, Welch went to her place of employment and discussed completing an accident report with the store manager. Although Welch told the manager that she had gone to Kaiser for treatment, the manager did not tell her to seek treatment elsewhere.

Welch returned to Kaiser on September 8, 1998, and was evaluated by Dr. Beverly Pfister.  Dr. Pfister diagnosed

-

paracervical and paralumbar strain, advised Welch to continue her medication, and ordered physical therapy.

By letter dated September 9, 1998, a claims adjuster for Southland's workers' compensation carrier advised Welch that her treatment by the Kaiser doctors was not authorized, that Southland would pay those doctors "to date," and that Welch should seek treatment from one of three doctors listed in the letter. Welch received this letter three or four days after September 9; however, she decided to continue treatment at Kaiser and returned to see Dr. Pfister on September 15 because her "pain [was] worse." Dr. Pfister's notes reflect that at the date of this evaluation Welch was still awaiting her first visit to physical therapy. Welch continued to receive treatment from Dr. Pfister and other doctors at Kaiser until she was released to return to light duty work on February 1, 1999.

Affirming the deputy commissioner's decision, the commission determined that Southland's offer of a panel of physicians was neither untimely nor unreasonable. Thus, the commission ruled that Southland "was not financially responsible for treatment rendered by [Welch's] unauthorized physicians after receipt of the proffered panel." The commission also ruled that Welch's decision to continue "treatment by her unauthorized physician is not necessarily the equivalent of a refusal of medical services." Finding that Welch had not unjustifiably refused treatment and that no evidence proved the

-

unauthorized treatment adversely affected her recovery, the commission awarded Welch wage loss benefits for her periods of disability.

## II.

In pertinent part, Code § 65.2-603 provides as follows:

> A. 1. As long as necessary after an accident, the employer shall furnish or cause to be furnished, free of charge to the injured employee, a physician chosen by the injured employee from a panel of at least three physicians selected by the employer and such other necessary medical attention. . . . The employee shall accept the attending physician, unless otherwise ordered by the Commission, and in addition, such surgical and hospital service and supplies as may be deemed necessary by the attending physician or the Commission.

>      *   *   *   *   *   *   *

> B. The unjustified refusal of the employee to accept such medical service or vocational rehabilitation services when provided by the employer shall bar the employee from further compensation until such refusal ceases and no compensation shall at any time be paid for the period of suspension unless, in the opinion of the Commission, the circumstances justified the refusal. In any such case the Commission may order a change in the medical or hospital service or vocational rehabilitation services.

Applying the predecessor to this statute, we ruled that "[a]n attending physician selected by an employee becomes the treating physician if the employer fails or refuses to provide a panel of physicians." Davis v. Brown & Williamson Tobacco Co., 3 Va. App. 123, 126, 348 S.E.2d 420, 421 (1986). The principle

-

is well established, however, that although Code § 65.2-603 contains "no requirement . . . concerning the time after an accident within which an employer must offer an employee the panel of physicians prescribed by the Code section . . . , the appropriate time must be determined by resort to a rule of reasonableness, with the time varying from case to case depending upon the different circumstances involved." Peninsula Transp. Dist. Comm'n v. Gibbs, 228 Va. 614, 618, 324 S.E.2d 662, 664 (1985).

Among the findings the commission made concerning the timeliness of Southland's notification of the panel are the following:

> We believe that this was a timely offer. Between the date of her accident and September 8, 1998, there is no evidence that the employer was aware that [Welch] was in need of extended medical care. There is no evidence that the employer was informed that [Welch] was scheduled for additional treatment after September 4, 1998. [Welch] was released that day with recommended medications, and instructed to return only as needed. Not until September 8, 1998, when [Welch] first saw an actual physician at Kaiser, does it become apparent that [Welch] was likely to suffer a significant period of disability, and needed an attending physician and possibly a referral for specialized care. We believe that the carrier's offer of a panel of physicians, sent to [Welch] one day after her first treatment by Dr. Pfister, and received by [Welch] prior to her next treatment and before undertaking any subsequent referrals, was reasonable and timely.

-

These findings are supported by credible evidence in the record; thus, they are "conclusive and binding as to all questions of fact."  Code § 65.2-706.  See Stafford County Sheriff's Office v. DeBord, 22 Va. App. 312, 314, 469 S.E.2d 88, 89 (1996).  Accordingly, we affirm the commission's rulings that under these circumstances the notification of the panel of physicians was timely, that Welch's continued treatment with the Kaiser physicians was unauthorized, and that Southland was not required to pay for the unauthorized treatment.

III.

The finding of unauthorized treatment, "however, is not necessarily equivalent to a refusal of medical services under Code § [65.2-603]."  Davis, 3 Va. App. at 127, 348 S.E.2d at 422.  Each concept requires a different analysis.

> The expense of medical service, if unauthorized, may not be compensable.  But the use of unauthorized medical service is not necessarily a refusal of medical service.  If medical care required under Code § [65.2-603] is refused, further compensation is suspended unless the refusal is justified or until the refusal is cured.

Richmond Mem. Hosp. v. Allen, 3 Va. App. 314, 317, 349 S.E.2d 419, 421 (1986) (citations omitted).  Indeed, we held in Davis that the commission "erroneously expand[ed] the notion of what constitutes 'unjustified refusal' of medical treatment . . . by equating unauthorized medical treatment with unjustified refusal of treatment."  3 Va. App. at 126, 348 S.E.2d at 421.

-

Relying on Allen and Davis, the commission recognized "that penalty for refusal of medical treatment must be based upon 'unjustified refusal.'"  This ruling is consistent with our holding that "[t]he statute does not apply to every refusal of medical treatment."  Biafore v. Kitchin Equip. Co., 18 Va. App. 474, 478, 445 S.E.2d 496, 498 (1994).  The legislative intent implicit in "that statute 'is to penalize employees who unjustifiably refuse reasonable and necessary medical treatment' from their attending physician."  Id.  Code § 65.2-603 may not be used to penalize an employee whom the commission finds has reasonably sought to restore her health by seeking additional treatment.  See Davis, 3 Va. App. at 128-29, 348 S.E.2d at 423.  Moreover, we have held that "[t]he matter of justification must be considered from the viewpoint of the [employee] and in light of the information which was available to [her]."  Holland v. Virginia Bridge Structures, Inc., 10 Va. App. 660, 662, 394 S.E.2d 867, 868 (1990).

As the commission found, Welch promptly sought medical treatment for her injury.  Although she reported to her supervisor that she was receiving treatment, her supervisors did not comment on her choice of treatment.  Before Welch received the letter from Southland containing notification of the panel, she had selected a treating physician and received treatment from that physician.  Welch followed the treatment regimen that was prescribed to her by the doctors at Kaiser.  Welch's doctor

-

knew her history, and no evidence established that the treatment was inappropriate or unnecessary. Moreover, the commission found that no evidence proved that Welch's continued treatment with the unauthorized physician "adversely affected her recovery."

These findings are based on credible evidence and are binding on this appeal. Accordingly, we hold that the commission properly ruled that Welch did not unjustifiably refuse medical treatment.

For these reasons, we affirm the commission's award.

<u>Affirmed</u>.