COURT OF APPEALS OF VIRGINIA

Present:   Judges Annunziata, Bumgardner and Clements
Argued at Salem, Virginia


CLINCHFIELD COAL COMPANY

                                           MEMORANDUM OPINION[*] BY
v.        Record No. 2877-03-3            JUDGE RUDOLPH BUMGARDNER, III
                                                   JUNE 1, 2004
GARY PAUL SOULEYRETTE


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Lisa Frisina Clement (Ramesh Murthy; Anne L. Musgrove; Penn,
            Stuart & Eskridge, on brief), for appellant.

            D. Allison Mullins (Lee & Phipps, P.C., on brief), for appellee.


      Clinchfield Coal Company appeals a decision awarding medical benefits to Gary

Souleyrette.  It contends the medical treatment provided by Dr. Anuradha Puri was

unauthorized.[1]  Finding no error, we affirm.

      We view the evidence in the light most favorable to the prevailing party, the worker, R.G.

Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990), and affirm the

commission's findings supported by credible evidence, Caskey v. Dan River Mills, Inc., 225 Va.

405, 411, 302 S.E.2d 507, 510-11 (1983).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The employer also maintains the worker was obligated to provide notice under Code
§ 65.2-603 that his treating physician retired and was required to select a physician from its panel
of doctors.  Because we affirm the commission's finding that the worker was properly referred to
Dr. Puri, we do not address this argument.

On January 19, 2000, the worker sustained a compensable injury by accident to his right knee. He visited Dr. Galileo Molina[2] of Stone Mountain Health Services, who referred him to Dr. Neal Jewell, an orthopedic surgeon. Dr. Jewell twice operated on the worker's knee and then referred the worker back to Dr. Molina to monitor his pain medications. During the summer of 2001, Dr. Molina told the worker he was retiring. The worker last saw him on August 3, 2001. Dr. Puri, also with Stone Mountain Health Services, treated the worker from November 26, 2001 through September 27, 2002.

On February 1, 2002, Stone Mountain sent the employer notice that Dr. Molina had retired August 31, 2001 and that Dr. Puri would be the worker's compensation doctor. Three days later, the employer provided the worker a new panel of treating physicians. The worker never selected a physician from this panel.

On September 13, 2002, the worker filed a claim seeking payment for Dr. Puri's treatment. The employer argued the worker failed to select a physician from the panel it provided him so it was not responsible for Dr. Puri's treatment. The deputy commissioner found "no referral from Dr. Molina to Dr. Puri" but held the worker could treat with Dr. Puri until February 3, 2002, the day before the employer provided him with the new panel of physicians.

Both parties appealed to the full commission, which reversed the deputy commissioner's decision. The commission held that Dr. Molina referred the worker to Dr. Puri when he retired. The commission held the employer liable for all medical treatment provided by Dr. Puri.

Dr. Molina told the worker he was going to retire, and the worker testified that Dr. Puri "took over for Dr. Molina." That evidence was corroborated by three documents. Stone Mountain Health Services advised the employer by letter dated February 1, 2002, that Dr. Molina had retired and that Dr. Puri had taken his place at the clinic. Dr. Molina indicated

---

[2] Dr. Molina was an employer-authorized physician.

that when he ceased practicing at the clinic, he referred his "patients, including Mr. Souleyrette to treat with Dr. Puri."[3] Dr. Puri indicated she "continue[d] to provide treatment to Gary Souleyrette" after Dr. Molina left the clinic.[4]

The treating physician is authorized to direct the worker's medical care. Jensen Press v. Ale, 1 Va. App. 153, 158, 336 S.E.2d 522, 525 (1985). When a treating physician refers a worker for additional medical services, he must accept the medical service or forfeit compensation for as long as the refusal persists. Breckenridge v. Marval Poultry Co., 228 Va. 191, 193-94, 319 S.E.2d 769, 770-71 (1984). Cf. The Southland Corp. v. Welch, 33 Va. App. 633, 638-39, 536 S.E.2d 443, 446 (2000) (after treating with unauthorized doctor and then receiving employer's panel of physicians, worker's refusal to select employer physician renders her liable for subsequent medical treatment).

The commission found that Dr. Molina had made a valid referral to Dr. Puri. The record supports the finding. Dr. Molina was the worker's authorized treating physician, and he stopped practicing medicine on August 31, 2001. Before retiring, Dr. Molina referred his patients to Dr. Puri, who practiced at the same clinic. Dr. Molina managed the worker's medical treatment and provided for its continuation upon his retirement. The worker followed his treating physician's instructions by treating with Dr. Puri. The referral made Dr. Puri the worker's authorized treating physician.

Accordingly, we affirm the commission's decision that the employer was responsible for the medical treatment.

Affirmed.

---

[3] This was Dr. Molina's November 18, 2002 response to a questionnaire from the worker's counsel.

[4] This was Dr. Puri's September 27, 2002 response to a questionnaire from the worker's counsel.