COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Alston, McCullough and Senior Judge Clements
Argued at Chesapeake, Virginia


SAMANTHA P. DIANNA

MEMORANDUM OPINION[*] BY
v.        Record No. 0442-13-1          JUDGE STEPHEN R. McCULLOUGH
                                        NOVEMBER 5, 2013

COLONIAL WILLIAMSBURG COMPANY AND
 COLONIAL WILLIAMSBURG FOUNDATION


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Stephen F. Forbes (Forbes & Broadwell, on brief), for appellant.

Angela F. Gibbs (Frederick T. Schubert, II; Midkiff, Muncie & Ross,
P.C., on brief), for appellees.


Samantha P. Dianna appeals from a decision of the Workers' Compensation

Commission, which held that the injury she sustained while carrying a tray up a flight of stairs

did not arise out of her employment. We affirm the decision of the commission.

BACKGROUND

Dianna, then in her mid-forties, worked as a server at the Kings Arms Tavern in Colonial

Williamsburg. In the past, she had cleaned houses in addition to her job as a server, but she had

not cleaned any houses since April of 2011. Her supervisor testified that, approximately one

week before the incident in question, Dianna experienced pain in her foot. According to

Dianna's supervisor, Dianna told her that "it continuously feels like . . . a rubber band keeps

snapping." Dianna had worked a twelve-and-a-half hour shift on Saturday, May 21, 2011 and

the following day she noticed some discomfort in both feet, but mainly her right foot. During the

---

    [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

morning of May 23, 2011, while walking to a meeting at the Williamsburg Lodge, Dianna noticed that her foot was "really starting to bother" her, and this pain continued during her shift. She testified that she felt pain in her heel and throbbing in the arch of her foot. She continued working despite the pain.

Around 7:00 p.m. on the evening of May 23, 2011, Dianna walked up a flight of stairs while carrying eight entrees, some additional bowls and some silverware, all of which was stacked on a tray. She estimated that she was carrying between 30 and 40 pounds. She suddenly felt "excruciating pain" when she reached the tenth step. According to Dianna, "something [in her right foot] just jerked and snapped" on her right foot. She described a pain so intense it felt as if her foot had been struck by a "sledgehammer." She said the pain occurred on the instep of her ankle. She also stated that her foot rolled in at that time. She caught the rail and managed not to fall backward. She did not drop the tray. Dianna then called for help.

Dianna explained that because the tray prevented her from seeing her feet, she had learned over the years to count her steps so that she knew where she was on the staircase. She testified that she stepped on the tenth step with the same placement of her foot as she had on the previous steps. She did not step on a foreign object or slip on anything.

Dianna obtained crutches and went to MedExpress for medical care. She eventually sought treatment with an orthopedic practice. She was diagnosed with a right ankle sprain, partial thickness tears of the distal tibialis tendon, and a partial ligament tear. She underwent physical therapy and surgery.

Dianna sought temporary total disability benefits from the date of her accident. The deputy commissioner concluded that "the evidence as a whole does not establish a compensable injury." Dianna appealed to the commission. It likewise concluded that Dianna "ha[d] not met her burden of proving, by a preponderance of the evidence, that she suffered an injury by

- 2 -

accident arising out of her employment." Commissioner Marshall dissented. Dianna then appealed to this Court.

## ANALYSIS

"The mere happening of an accident at the workplace, not caused by any work related risk or significant work related exertion, is not compensable." Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989). By statute, an injury is compensable if three conditions are met: the injury must be (1) an injury by accident, (2) arising out of, (3) and in the course of, the claimant's employment. See Combs v. VEPCO, 259 Va. 503, 525 S.E.2d 278 (2000); See also Code § 65.2-101. There is no dispute that the injury here occurred in the course of Dianna's employment. The issue before us is whether it "arose out of" her employment. The phrase "arising out of" refers to the origin or cause of the injury. County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989). The claimant bears the burden of proving causation by a preponderance of the evidence. Daniel Constr. Co. v. Baker, 229 Va. 453, 457, 331 S.E.2d 396, 398 (1985). The Supreme Court of Virginia explained that an injury arises out of a claimant's employment

> "when there is apparent to the rational mind upon consideration of
> all the circumstances, a causal connection between the conditions
> under which the work is required to be performed and the resulting
> injury. Under this test, if the injury can be seen to have followed
> as a natural incident of the work and to have been contemplated by
> a reasonable person familiar with the whole situation as a result of
> the exposure occasioned by the nature of the employment, then it
> arises 'out of' the employment."

Baggett Transp. Co. v. Dillon, 219 Va. 633, 637-38, 248 S.E.2d 819, 822 (1978) (quoting Bradshaw v. Aronovitch, 170 Va. 329, 335, 196 S.E. 684, 686 (1938)) (internal quotations marks omitted). On the other hand, the test excludes an injury that

> "cannot fairly be traced to the employment as a contributing
> proximate cause and which comes from a hazard to which the

- 3 -

workman would have been equally exposed apart from the employment."

Id. at 638, 248 S.E.2d at 822 (quoting Bradshaw, 170 Va. at 335, 196 S.E. at 686). The Court further explained that,

> "[t]he causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence."

Id. (quoting Bradshaw, 170 Va. at 335, 196 S.E. at 686).

Whether an injury arises out of the employment is a mixed question of law and fact and is reviewable on appeal. Connor v. Bragg, 203 Va. 204, 207, 123 S.E.2d 393, 395 (1962).

Dianna candidly acknowledged that she did not stumble due to a defect in the stairs and neither did she slip on a foreign substance. Without more, an injury sustained while climbing or descending an ordinary flight of stairs does not arise out of the employment. See, e.g., Johnson, 237 Va. at 186, 376 S.E.2d at 76. Moreover, no medical evidence directly establishes a causal connection between her injury and the conditions of her employment – but neither does it exclude the possibility of such causation. The issue before us is whether the commission erred as a matter of law in concluding that Dianna did not meet her burden of proof based on the evidence presented.

Dianna argues that "[t]here are only two explanations for [her] tendon rupture." The first is that "[t]he sheer weight of Dianna ascending the stairs with the 30-40 lb. tray (towards the end of a long shift) resulted in tendon ruptures and a ligamentous tear. These . . . tears caused an immediate loss of stability causing the ankle to turn or invert." The second possibility, according to the claimant, is that her "ankle turned as a result of her exertion or not being able to see her feet due to the tray she was carrying, and the turning of [her] ankle caused tendon ruptures and a

- 4 -

ligament tear." In fact, as the employer points out, while those are plausible theories, they are not the only explanations for Dianna's injury. The employer argues that she may have simply misstepped, or the tendon may have ruptured on its own without any relationship to the conditions of Dianna's employment. No one explanation clearly emerges on this record.

Claimant relies on Liberty Mutual Ins. Co. v. Herndon, 59 Va. App. 544, 721 S.E.2d 32 (2012). In that case, appellant could not remember much about the day of the accident, including how or why he fell. From the evidence before it, the commission properly concluded that appellant fell through a hole in a construction site and was injured as a consequence. Id. at 561-62, 721 S.E.2d at 40-41. The fact that claimant was found with "severe injuries" "in the basement directly under the holes in the first and second floors," left little room for alternative theories. Id. at 562, 721 S.E.2d at 41. The circumstantial evidence in this case, however, is not so convincing. Of course, the commission can draw reasonable inferences from the facts. Turf Care, Inc. v. Henson, 51 Va. App. 318, 324, 657 S.E.2d 787, 789 (2008). The commission must not, however, engage in speculation. Lysable Transp., Inc. v. Patton, 57 Va. App. 408, 419-21, 702 S.E.2d 596, 601 (2010); Central State Hospital v. Wiggers, 230 Va. 157, 158-59, 335 S.E.2d 257, 258 (1985). In the face of appellant's testimony concerning how the accident occurred, as well as the medical evidence before us, the commission properly declined to speculate regarding the cause of appellant's injury. The evidence does not establish as a matter of law that the weight of the 30 to 40 pound tray and/or the way it was held contributed to the accident. In fact, no clear explanation emerges on this record. Therefore, like the commission, we conclude that claimant did not meet her burden of proving that the accident arose out of her employment.

## CONCLUSION

We affirm the decision of the commission.

<u>Affirmed.</u>