COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Decker, Judges AtLee and Friedman
Argued at Fredericksburg, Virginia

PUBLISHED

ABU JALLOH

                                                            OPINION BY
v.        Record No. 0920-22-4        CHIEF JUDGE MARLA GRAFF DECKER
                                                            APRIL 4, 2023
S.W. RODGERS AND
  ARCH INSURANCE COMPANY

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

         Andrew S. Kasmer for appellant.

         Kathryn Lea Harman (Semmes, Bowen & Semmes, on brief), for
         appellees.


         Abu Jalloh (the claimant) appeals a decision of the Workers' Compensation Commission.

He suffered a compensable injury while working for S.W. Rodgers,[1] and the Commission found

that his treating physician of choice was not authorized under the Workers' Compensation Act.

It reasoned that the employer satisfied its obligation under Code § 65.2-603 by making a good

faith effort to provide a panel of physicians to the claimant and, therefore, that he was not

authorized to choose his own physician.  On appeal, the claimant first argues that the

Commission erred in concluding that an employer meets its statutory obligation to provide a

panel if it makes a good faith effort to do so.  Second, he challenges the Commission's finding

that he was not totally disabled after October 27, 2021.  Based on the statutory language, we

agree with the claimant's first assignment of error.  As a result of this conclusion, we reverse the

_____

         [1] S.W. Rodgers's insurance carrier, Arch Insurance Company, is also a party to this
appeal.  We refer to both appellees collectively as "employer."

Commission's decision and remand the case. On remand, the Commission should revisit its evaluation of the medical evidence of the claimant's period of disability.

BACKGROUND[2]

On June 10, 2021, the claimant fell off a ladder and suffered back, neck, and shoulder injuries. He promptly notified his supervisor and went home. He did not return to work, and the employer treated his continued absence as a resignation.

On June 14, 2021, the company safety officer, Wayne Haight, spoke with the claimant by telephone. During that conversation, Haight explained that he was trying to get the claimant to seek medical attention. The claimant stated that he planned to see "his own doctor." Haight followed up by visiting the claimant's home with two copies of a panel list of employer-approved physicians. The claimant was not home, so Haight spoke with the claimant's wife. The wife then called the claimant on the telephone, and Haight spoke to him. Haight told the claimant he was at the home in order to provide him with a panel of physicians so that he could choose one from which to seek medical treatment, as required by Code § 65.2-603. The claimant angrily demanded that Haight leave. Haight offered to meet him in order to provide the list of physicians, but the claimant declined. Haight left without leaving a copy of the panel list. It is undisputed that the claimant never received the document providing a panel of physicians.[3]

---

[2] On appeal from a decision of the Commission, "the evidence and all reasonable inferences that may be drawn from that evidence are viewed in the light most favorable to the prevailing party below," on the issues before us, the employer. *City of Charlottesville v. Sclafani*, 70 Va. App. 613, 616 (2019) (quoting *Anderson v. Anderson*, 65 Va. App. 354, 361 (2015)).

[3] Haight testified that it was not his responsibility to mail a copy of the physicians panel to the claimant or his counsel, suggesting instead it was the responsibility of the "main office." Christopher Butler, a company safety manager, likewise did not provide a panel to the claimant. Butler testified that he was unsuccessful in contacting the claimant despite calling and emailing him. Butler further explained that he did not mail or email the claimant a panel of physicians. Nor did he mail the list to the claimant's attorney.

The claimant saw his orthopedic surgeon, Dr. Mehrdad Malek, on June 15, 2021, and continued in his care. Malek diagnosed him with various sprains, strains, and a contusion. In order to address these injuries, Dr. Malek referred him to physical therapy and prescribed medication. In addition, Malek ordered the claimant to abstain from work until November 30, 2021. At the employer's request, the claimant also saw Dr. Paymaun Lotfi. Dr. Lotfi evaluated the claimant in October 2021 and similarly assessed him with various sprains to the neck, back, and shoulder. Unlike Malek, however, Lotfi concluded that the claimant could return to medium-duty work.

The claimant sought benefits for his injuries under the Workers' Compensation Act. At the hearing before the deputy commissioner, the employer stipulated that the claimant had suffered compensable injuries. However, the employer defended on two grounds. First, the claimant's treatment was unauthorized because he went to his own physician. Second, he was not disabled to the extent alleged. The deputy commissioner decided that the employer was responsible for Dr. Malek's treatment because it failed to provide the claimant with a panel of physicians despite "ample opportunity" to do so "within a reasonable time after the accident." He also held that based on Malek's opinion as the claimant's treating physician, the claimant was entitled to continuing temporary total disability benefits beginning June 15, 2021.

The employer filed a request for review by the Commission. In a split decision, the Commission reversed the decision of the deputy commissioner in part and affirmed it in part.[4] In doing so, the Commission held that "the employer made a good faith effort to present the claimant with a [physicians] panel, which the claimant effectively refused by engaging in a course of conduct designed to frustrate the employer's effort to provide a panel." The

_____

[4] The Commission affirmed the deputy commissioner's finding that the claimant was not terminated for cause on June 15, 2021. That issue is not before this Court on appeal.

- 3 -

Commission concluded that therefore the employer was not responsible for the unauthorized treatment provided by Dr. Malek. Adopting Dr. Lotfi's medical opinion, it also held that the claimant was not entitled to temporary total disability benefits after October 27, 2021.

ANALYSIS

The claimant argues that the Commission erred by finding that the employer met its statutory obligation to offer him a panel of physicians, improperly applying a good faith exception to that requirement. He also argues the Commission erred by denying his claim for continuing wage loss after October 27, 2021. As the appellant in this case, the claimant bears the burden of showing that the Commission committed reversible error. *See Burke v. Catawba Hosp.*, 59 Va. App. 828, 838 (2012).

I. Panel of Physicians

The claimant contends that the employer failed to provide him a panel of physicians from which to choose a doctor for his medical care in compliance with Code § 65.2-603. Based on this failure, the claimant argues that the Act permitted him to receive covered treatment from his own physician. The employer believes the Commission did not err in applying a good faith standard because to hold otherwise would encourage claimants to evade contact from employers.

For the purposes of workers' compensation, there are specific requirements in place. When an employer must furnish medical care for a compensable injury suffered by an employee, it is required to provide a "panel of at least three physicians selected by the employer" from which the employee can choose the treating physician. Code § 65.2-603(A)(1) ("[T]he employer shall furnish or cause to be furnished . . . a physician chosen by the injured employee from a panel of at least three physicians selected by the employer . . . ."); (B) (explaining that an employee's "unjustified refusal" to accept "medical service . . . when provided by the employer shall bar the employee from further compensation"); (F) (referencing "the panel provided"). The

- 4 -

employer must demonstrate that it has fulfilled this obligation. *Goodyear Tire & Rubber Co. v. Pierce* (*Goodyear II*), 9 Va. App. 120, 129 (1989). "[I]f the employer fails or refuses to provide a panel of physicians," the injured employee can select his own treating physician. *Southland v. Welch*, 33 Va. App. 633, 637-38 (2000) (quoting *Davis v. Brown & Williamson Tobacco Co.*, 3 Va. App. 123, 126 (1986)).

Here, there is no question that the employer did not provide a list of physicians to the claimant. There is no evidence that the employer sent it by regular mail or email to the claimant or his attorney, nor is there evidence that Haight left it at the claimant's house when he was there. The Commission did not make a factual finding that a panel of physicians was provided.[5] Instead, it found that the employer "attempted . . . to provide" the claimant with a panel.

The Commission determined that because the employer made a "good faith effort" to provide a panel to the claimant, it met the requirement of Code § 65.2-603(A). The issue for resolution on appeal is whether a good faith effort is sufficient to fulfill the statutory obligation to provide a panel of physicians to an injured employee.

Interpreting a statute is a question of law that this Court reviews de novo. *See Paramont Coal Co. Va. v. McCoy*, 69 Va. App. 343, 352 (2018). Appellate courts "assume that the General Assembly chose, with care, the words it used in enacting the statute" at issue. *See City of Richmond v. Va. Elec. & Power Co.*, 292 Va. 70, 75 (2016) (quoting *Kiser v. A.W. Chesterton Co.*, 285 Va. 12, 19 n.2 (2013)). For this reason, courts are bound by the plain meaning of a

---

[5] Code § 65.2-603 does not specify how an employer must satisfy its obligation to make a panel of physicians available to an employee, but it can do so in a variety of ways. *See, e.g.*, *Peninsula Transp. Dist. Comm'n v. Gibbs*, 228 Va. 614, 618 (1985) (in person); *Turner Gilbane JV v. Guzman*, 59 Va. App. 128, 132 (2011) (by letter); *Southland*, 33 Va. App. at 636 (by letter). Whether an employer provided a panel is a question for the Commission to decide and can be reviewed by an appellate court under the proper standard of review. *See Goodyear II*, 9 Va. App. at 129-30 (reviewing whether the employer met its statutory obligation to provide a panel of physicians to the injured employee).

statute unless it "would lead to an absurd result." *Jones v. Commonwealth*, 295 Va. 497, 502 (2018) (quoting *Commonwealth v. Barker*, 275 Va. 529, 536 (2008)). "Consistent with this standard, '[t]he plain, obvious, and rational meaning of a statute is to be preferred over any curious, narrow, or strained construction.'" *Banks v. Commonwealth*, 67 Va. App. 273, 282 (2017) (quoting *Meeks v. Commonwealth*, 274 Va. 798, 802 (2007) (alteration in original)). And, "[a] court may not 'add to the words' of a statute." *Berglund Chevrolet, Inc. v. Va. Dep't of Motor Vehicles*, 71 Va. App. 747, 753 (2020) (quoting *Baker v. Commonwealth*, 278 Va. 656, 660 (2009)). Further, with regard to the statutory scheme at issue, a reviewing court "construe[s] the Workers' Compensation Act liberally for the benefit of employees to effectuate its remedial purpose of making injured workers whole." *Vital Link, Inc. v. Hope*, 69 Va. App. 43, 53 (2018) (quoting *Advance Auto & Indem. Ins. Co. of N. Am. v. Craft*, 63 Va. App. 502, 514 (2014)).

In order to fulfill its obligation under Code § 65.2-603 to provide a panel to a claimant, an employer must meet certain objective standards. *See, e.g.*, *Peninsula Transp. Dist. Comm'n v. Gibbs*, 228 Va. 614, 618 (1985) (holding that an employer must offer a claimant a panel within a reasonable amount of time following the injury); *Turner Gilbane JV v. Guzman*, 59 Va. App. 128, 134 (2011) (holding that "[t]he panel provided by [the] employer was defective" because it did not meet certain statutory requirements). An employer's subjective intent to comply with the statute is simply not relevant. *See* Code § 65.2-603; *Gibbs*, 228 Va. at 618; *Turner Gilbane*, 59 Va. App. at 132. The express and clear wording of the statute does not permit an employer to make only a good faith effort to provide a panel of physicians to the employee. For comparison, it is useful to look to other parts of the Workers' Compensation Act that use the phrase "good faith." *See, e.g.*, Code §§ 65.2-526 (governing death benefit payments to junior dependents); -604(B) (limiting repeat diagnostic tests or procedures unless a good faith effort is first made to use the existing ones); -1006(A) (pertaining to payroll reports). These examples

- 6 -

illustrate that the General Assembly can and does allow for good faith exceptions when it intends to do so.  And, in fact, it did so in the very act at issue here.  *See generally AV Auto., LLC v. Gebreyessus*, __ Va. __, __ n.5 (Sept. 15, 2022) ("[W]hen the General Assembly has used specific language in one instance[] but omits that language or uses different language when addressing a similar subject elsewhere in the Code, we must presume that the difference in the choice of language was intentional." (quoting *Zinone v. Lee's Crossing Homeowners Ass'n*, 282 Va. 330, 337 (2011))).  Consequently, the omission of a good faith provision from Code § 65.2-603 controls the outcome of this case.

We recognize the record contains no evidence that the employer intended to circumvent its obligation to provide a panel of physicians to the claimant.  Nonetheless, the fact that Haight attempted to deliver a copy of the panel of physicians but felt that his efforts were obstructed by the claimant did not relieve the employer of its obligation to provide a panel list to the claimant.[6] *Cf. Goodyear II*, 9 Va. App. at 129 (holding that the employer's offer to make an appointment for the employee with an orthopedic clinic did not fulfill its obligation under the statute to provide a panel).  There were legitimate, straight-forward ways in which the employer could have complied with the requirement to provide a panel list, despite the claimant's behavior.[7]

Simply put, "[w]e will not judicially create a good faith exception or other savings provision to the statute when the legislature has clearly expressed itself" by not doing so. *Weston v. B.J. Church Constr. Co.*, 9 Va. App. 283, 287 (1989) (holding that the workers'

---

[6] The Court is not unsympathetic to the position taken here by a majority of the Commission.  Employees should not be encouraged to engage in obstructionist behavior or be rewarded for doing so.  However, the injured employee was entitled to appropriate medical care, and the law governing the requirements for providing a panel of physicians is clear.

[7] We do not hold that the statute requires proof that a claimant personally received the list.  Haight could simply have left a copy of the panel with the claimant's wife or at his house. The employer could have mailed or emailed it to the claimant or his counsel.

compensation penalty provision, former Code § 65.1-75.1, now Code § 65.2-524, did not contain a good faith exception). We next consider the impact of our conclusion on this case.

The Commission made the factual finding that the employer did not provide a panel of physicians to the claimant, although the employer attempted to do so.[8] *See generally Layne v. Crist Elec. Contractor, Inc.*, 64 Va. App. 342, 350 (2015) (noting that on appellate review, factual findings are "'conclusive and binding'" if "supported by credible evidence" (quoting *Mills v. Va. Elec. & Power Co.*, 197 Va. 547, 551 (1955))). The employer's good faith effort to do so does not exempt it from this obligation. *See* Code § 65.2-603(A)(1). Therefore, the claimant was entitled to select his own physician, which he did by seeking treatment from Dr. Malek. *See Goodyear II*, 9 Va. App. at 128.

## II.  Continuing Wage Loss

The claimant contends that the Commission also erred by denying his claim for continuing wage loss after October 27, 2021.

"A party seeking workers' compensation bears the burden of proving his disability and the periods of that disability." *Vital Link, Inc.*, 69 Va. App. at 64. "[T]here is no presumption in the law that once a disability has been established, a claimant will be assumed to remain disabled for an indefinite period of time." *Id.* (quoting *Hoffman v. Carter*, 50 Va. App. 199, 216 (2007)). The period of a claimant's disability is a question of fact. *See id.* And, "[w]e are bound by the [C]ommission's factual findings supported by credible evidence," even when the record contains "evidence to support a contrary finding." *Id.* (quoting *Hoffman*, 50 Va. App. at 209); *accord City of Waynesboro v. Griffin*, 51 Va. App. 308, 317 (2008).

---

[8] The Commission found that the evidence proved the employer "attempted . . . to provide" the panel list.

Dr. Malek and Dr. Lotfi both evaluated the claimant's condition but came to different conclusions about his ability to work. Malek ordered the claimant to abstain from work through at least November 30, 2021. In contrast, Lotfi concluded that the claimant could return to medium-duty work on October 28, 2021. The Commission accepted Lotfi's opinion that the claimant was no longer fully disabled, noting that his "report was thorough and well-reasoned." While the Court would normally give this finding deference on appeal, appellate review of this issue is complicated by our legal conclusion that the claimant was entitled to be treated by Dr. Malek.

Typically, the Commission affords the treating physician's opinion great weight. *See, e.g.*, *Berglund Chevrolet, Inc. v. Landrum*, 43 Va. App. 742, 753 n.4 (2004). Accordingly, our ruling reversing the holding that Malek was not an authorized treating physician requires us to remand the case to the Commission to weigh the competing medical opinions anew in light of this legal ruling. Dr. Malek evaluated the claimant in his role as the treating physician. Dr. Lofti conducted an independent medical examination of the claimant as authorized by Code § 65.2-607(A). Therefore, the Commission should revisit its factual finding that the claimant was not totally disabled following October 27, 2021.

## CONCLUSION

The Commission erred in its interpretation of Code § 65.2-603. Under the statute, the employer's good faith effort does not excuse it from its obligation to provide a panel of physicians to the employee. Consequently, the Commission's conclusion that Dr. Malek was not the claimant's authorized treating physician was also error. Based on our ruling that Malek was, in fact, the claimant's authorized treating physician, the case is remanded for the Commission to reconsider the claimant's period of disability.

*Reversed and remanded.*