# Richmond

SOUTHERN SPRING BED COMPANY v. STATE CORPORATION COMMISSION.

June 15, 1964.

Record No. 5813.

Present, All the Justices.

*William G. Vance (Murray Janus; Harold E. Abrams; Kilpatrick, Cody, Rogers, McClatchey & Regenstein, on brief), for the appellant.*

*D. Gardiner Tyler, Assistant Attorney General (Robert Y. Button, Attorney General, on brief), for the appellee.*

Eggleston, C. J., delivered the opinion of the court.

[█ This is an appeal of right from an order of the State Corporation Commission finding that Southern Spring Bed Company, a foreign corporation authorized to do business in the State of Virginia, had amended its articles of incorporation on February 6, 1963 authorizing it to issue 300,000 shares of no par value common stock, and had tendered to the Clerk of the Commission, for filing in this State, a duly authenticated copy of such amendment but failed and refused to pay to the Commonwealth of Virginia the fees in the amount of $505 required by law for the filing of such amendment. By the further terms of the order, judgment was entered in favor of the Commonwealth of Virginia against Southern Spring Bed Company for that amount, with the direction that unless it be paid on or before a specified date "all authority" of Southern to transact business in this State should be revoked.

Southern Spring Bed Company is a corporation organized under the laws of the State of Georgia and has heretofore been authorized to do business in Virginia. On February 6, 1963 its charter was amended "so as to increase the authorized capital from 150,000 shares of No Par Value Common Stock to 300,000 shares of No Par Value Common Stock."

When Southern filed with the Clerk of the State Corporation Commission of Virginia a duly authenticated copy of the amendment to its charter it tendered a filing fee of $5.00, as required by Code, 1956 Replacement Vol., § 13.1-123(a)(11). This section provides that the Commission shall charge and collect a fee of $5.00 for filing "an application of a foreign corporation for certificate of authority to transact business in this State." The clerk refused to file the amendment unless and until Southern had paid an additional "entrance fee" of $500, which he deemed required under the provisions of Code, §§ 58-445 and 58-462.

On a hearing on a rule issued against Southern, the Commission entered the order appealed from.

Section 58-445 provides that whenever by articles of amendment the maximum authorized capital stock of any domestic or foreign corporation is increased, the charter or entrance fee to be charged shall be an amount equal to the difference between the amount already paid as a charter or entrance fee by such corporation and the amount that would be required to be paid if the increased maximum authorized capital stock were being stated at that time in the original articles of incorporation.

Section 58-462 provides that for the purpose of ascertaining and determining the amount of any charter or entrance fee now or hereafter required to be paid by any domestic or foreign corporation having shares of stock without nominal or par value, such shares of stock without nominal or par value shall be taken to be of the par value of $100 each; "provided, that in cases in which the authorized number of shares of no par stock is increased by an amendment authorizing the issuance of an increased number of shares in exchange for and in lieu of the previously issued shares no additional charter or entrance fee shall be required * * * ."

Southern took the position that, since the resolution of its board of directors stated that "The purpose of this amendment was to allow a 3 for 1 stock split of the Company's common stock," it was exempt from the payment of an additional entrance fee under the above proviso in Code, § 58-462. It concedes that unless exempted under that proviso it is required to pay an additional "entrance fee" of $500 under §§ 58-445 and 58-462, *supra.*

The Commission held that under the terms of the proviso in § 58-462, *supra,* a corporation is exempt from the payment of an additional charter or entrance fee if the charter amendment itself states that the increased number of shares is to be "in exchange for and in lieu of the previously issued shares," but that since the amendment to Southern's charter did not so state, and did not expressly provide that the new issue of stock was to be used for a stock split, Southern was not exempt from the payment of an additional entrance fee.

As the Commission aptly pointed out in its written opinion: "The amendment of the charter of Southern Spring Bed Company says nothing about a stock split. The corporation can use the new shares for the purpose of raising new capital if it wishes to do so. Whenever new shares can be used for raising new capital, the additional charter fee or entrance fee is due. The fact that the directors decide not to sell the new shares is immaterial. The charter fees and entrance fees

are based on the privilege of selling shares, whether or not any shares are ever sold. Consequently, it is only when the amendment of the charter specifies that the new shares are to be exchanged for previously issued shares that the language of the proviso applies. To get the benefit of the proviso, the amendment itself must make certain that the newly authorized shares cannot be used to raise new money. The amendment must show on its face that it is 'an amendment authorizing the issuance of an increased number of shares in exchange for and in lieu of the previously issued shares.' "

We agree with this reasoning and conclusion of the Commission. Whether Southern is entitled to the exemption under the terms of the proviso depends upon the language and terms of its charter amendment and not upon the language of a prior resolution of its board of directors. So far as the amendment is concerned, the issue of new shares of stock is within the control of the board of directors which could reconsider and change its former resolution and use such new stock for any lawful corporate purpose, whether it be for a stock split or to raise new money.

■ As the Commission further points out in its opinion, it "has always taken the position that the proviso [in Code, § 58-462] does not apply unless the amendment itself states that the new stock is to be issued in lieu of the previously issued shares."

We have frequently said that the practical construction given to a statute by public officials charged with its enforcement is entitled to great weight by the courts and in doubtful cases will be regarded as decisive. 17 Mich. Jur., Statutes, § 58, p. 317 *ff.*; *Commonwealth* v. *Appalachian Electric Power Co.*, 193 Va. 37, 45, 68 S. E. 2d 122, 127.

■ Southern says that the interpretation placed by the Commission on the proviso in Code, § 58-462, "raises serious constitutional questions" as to the validity of Code, §§ 58-445 and 58-462. First, it says that the requirement for the payment by Southern of an additional entrance fee, as the result of the amendment to its charter, is the imposition of an additional *tax* on its shares of stock prohibited by § 170 of the Constitution of Virginia.[1] Next, it says that "such a tax" is a denial of the equal protection of the laws guaranteed to Southern under the fourteenth amendment to the Federal Constitution.

---

[1] The pertinent portion of § 170 of the Constitution reads: "Whenever a franchise tax shall be imposed upon a corporation doing business, in this State, * * * the shares of stock issued by any such corporation shall not be further taxed."

A ready answer to both of these contentions is that an entrance fee exacted of a foreign corporation for the privilege of doing business in this State is not a tax. Under § 157 of the Constitution of Virginia, "Provisions shall be made by general laws for the payment of a fee to the Commonwealth by * * * every foreign corporation upon obtaining a license to do business in this State, * * * ." Pursuant to this constitutional provision, the General Assembly has provided in Code, §§ 58-444, 58-445 and 58-462, for the imposition of entrance fees upon foreign corporations for the privilege of doing business in this State.

In *Atlantic Refining Co.* v. *Commonwealth of Virginia*, 302 U. S. 22, 26, 58 S. Ct. 75, 82 L. ed. 24, it was held that such an entrance fee "is not a tax, but compensation for a privilege applied for and granted."

Moreover, under the terms of Code, §§ 58-445 and 58-462, both domestic and foreign corporations are treated alike. Both are required to pay additional fees when their charters are amended authorizing the issuance of additional stock. Both may take advantage of the proviso in § 58-462 and escape the imposition of an additional charter or entrance fee by amendments to their respective charters "authorizing the issuance of an increased number of shares in exchange for and in lieu of the previously issued shares."

The order appealed from is

*Affirmed.*