901 So.2d 342 (2005)
SEMINOLE COUNTY SHERIFF'S OFFICE and Johns Eastern Company, Inc., Appellants,
v.
Frank JOHNSON, Appellee.
No. 1D03-5334.
District Court of Appeal of Florida, First District.
May 4, 2005.
*343 Barbara A. Eagan, Esquire, Danni Lynn Germano, Esquire, and Karen J. Cullen, Esquire, of Broussard, Cullen, DeGailler & Eagan, P.A., Orlando, for Appellants.
Jack T. Keller, Esquire, Winter Park and Bill McCabe, Esquire, Longwood, for Appellee.

ON MOTION FOR SUBSTITUTION OF PARTY
PER CURIAM.
We withdraw our previous opinion in this cause issued March 24, 2005, and substitute the following therefor.
Appellants argue that the Judge of Compensation Claims (the "JCC") erred by interpreting section 112.18(1), Florida Statutes (1999), providing a rebuttable presumption for specified firefighters and state law enforcement officers, to include county sheriff's deputies. The JCC found that claimant suffered a stroke caused by hypertension and that claimant's hypertension was statutorily presumed to have been accidental and suffered in the line of duty pursuant to section 112.18(1). We agree with appellants that the amended 2002 version of the statute expanded the class of people entitled to the statutory presumption and claimant was not entitled to that presumption based on the 1999 statute. See Ch. 2002-236, § 3, at 1720, Laws of Fla. (changing the classification to include "any" law enforcement or correctional officer as statutorily defined).
However, we also agree with claimant's argument that the 2002 amendment was a procedural enactment and should apply retroactively without regard to the date of accident and injury. See Brown v. L.P. Sanitation, 689 So.2d 332, 333 (Fla. 1st DCA 1997) (discussing section *344 440.15(13), Florida Statutes (Supp.1994), which changed a rebuttable presumption, and affirming the JCC's ruling that the change in the law was a procedural enactment because it affected the burden of proof). As in Brown, the 2002 amendment to section 112.18(1) changed only the procedure of establishing entitlement to workers' compensation benefits. Id. Claimant's substantive right to those benefits, or lack thereof, has remained unchanged since the date of his first stroke.
Although the presumption should apply to claimant under the amended statute,[1] the JCC did not address whether appellants rebutted the presumption with competent evidence and, if so, whether there was evidence to establish that claimant's hypertension was occupationally related. See e.g., Caldwell v. Div. of Ret., Florida Dep't of Admin., 372 So.2d 438 (Fla.1979); City of Temple Terrace v. Bailey, 481 So.2d 49 (Fla. 1st DCA 1985). Therefore, we reverse the JCC's award of compensation and remand for the JCC to address these issues pursuant to the amended statute.
REVERSED and REMANDED with instructions.
VAN NORTWICK, POLSTON and THOMAS, JJ., concur.
NOTES
[1] We reject appellants' evidentiary argument relating to claimant's prerequisite physical examination under section 112.18(1) without further comment.