911 So.2d 1291 (2005)
STATE of Florida and Department of Corrections, Appellants,
v.
Charles N. REESE, Appellee.
No. 1D04-5141.
District Court of Appeal of Florida, First District.
October 11, 2005.
William H. Rogner of Hurley, Rogner, Miller, Cox & Waranch & Westcott, P.A., Winter Park, for Appellants.
Kelli K. Biferie, Winter Park, and Bill McCabe, Longwood, for Appellee.
ALLEN, J.
The employer challenges a workers' compensation order by which the judge of compensation claims (1) applied the statutory presumption specified in the "Heart-Lung" statute, section 112.18, Florida Statutes, in determining that the claimant/correctional officer's hypertension and heart disease were compensable, (2) awarded medical benefits for treatment of these conditions, and (3) assigned a date of accident. Because a correctional officer's entitlement to the statutory presumption is not conditioned upon proof that he or she successfully passed a pre-employment *1292 physical which failed to reveal evidence of the ultimately disabling or fatal heart or lung condition, we reject the employer's argument that the judge erred by applying the presumption in the absence of such proof. We also reject the employer's argument that the judge assigned an incorrect date of accident.
Section 112.18(1) provides, in relevant part, as follows:
(1) Any condition or impairment of health of any Florida state, municipal, county, port authority, special tax district, or fire control district firefighter or any law enforcement officer or correctional officer as defined in s. 943.10(1), (2), or (3) caused by tuberculosis, heart disease, or hypertension resulting in total or partial disability or death shall be presumed to have been accidental and to have been suffered in the line of duty unless the contrary be shown by competent evidence. However, any such firefighter or law enforcement officer shall have successfully passed a physical examination upon entering into any such service as a firefighter or law enforcement officer, which examination failed to reveal any evidence of any such condition.
Although the statute directs that a condition precedent to a firefighter's or law enforcement officer's entitlement to the statutory presumption is proof that the firefighter or law enforcement officer successfully passed a pre-employment physical examination revealing no evidence of the later disabling or fatal condition, the plain language of the statute does not require a correctional officer to satisfy this condition precedent. This distinction in requisite proofs is not due to mere legislative oversight. The text of a 2002 amendment to section 112.18 plainly revealed to members of the legislature that the amendment would, for the first time, entitle correctional officers to the presumption specified in the first sentence of section 112.18(1), but would not subject correctional officers to the condition precedent specified in the second sentence of the subsection. With new language being indicated by underscoring and deleted language being indicated by strike-through type, the 2002 amendment provided:
(1) Any condition or impairment of health of any Florida state, municipal, county, port authority, special tax district, or fire control district firefighter or any state law enforcement officer or correctional officer as defined in s. 943.10(1), (2), or (3) caused by tuberculosis, heart disease, or hypertension resulting in total or partial disability or death shall be presumed to have been accidental and to have been suffered in the line of duty unless the contrary be shown by competent evidence. However, any such firefighter or state law enforcement officer shall have successfully passed a physical examination upon entering into any such service as a firefighter or state law enforcement officer, which examination failed to reveal any evidence of any such condition. Such presumption shall not apply to benefits payable under or granted in a policy of life insurance or disability insurance, unless the insurer and insured have negotiated for such additional benefits to be included in the policy contract.
(2) This section shall be construed to authorize the above governmental entities to negotiate policy contracts for life and disability insurance to include accidental death benefits or double indemnity coverage which shall include the presumption that any condition or impairment of health of any firefighter, law enforcement officer, or correctional officer caused by tuberculosis, heart disease, or hypertension resulting in total *1293 or partial disability or death was accidental and suffered in the line of duty, unless the contrary be shown by competent evidence.
Ch. 2002-236, § 3, at 1720, Laws of Fla.
The order under review is affirmed.[1]
ERVIN and POLSTON, JJ., concur.
NOTES
[1] Because the 2002 amendment of section 112.18(1), adding correctional officers to the list of employees entitled to the statutory presumption, was a procedural enactment, a pre-2002 date of accident did not preclude the claimant's entitlement to the statutory presumption in a post-2002 proceeding. Seminole County Sheriff's Office v. Johnson, 901 So.2d 342 (Fla. 1st DCA 2005).