PRESENT:  All the Justices

COMMONWEALTH OF VIRGINIA,
OFFICE OF THE COMPTROLLER

                                     OPINION BY
v. Record No. 070720           JUSTICE G. STEVEN AGEE
                                  April 18, 2008
VICKIE H. BARKER

FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
William N. Alexander, II, Judge

The Comptroller of the Commonwealth of Virginia

("Comptroller") appeals from the judgment of the Circuit Court

of Pittsylvania County that made an award to Vickie H. Barker

under Code § 9.1-402(A) as well as health insurance premiums

and benefits pursuant to Code § 9.1-401.  The Comptroller

contends that the circuit court erred in making any award under

Code § 9.1-402, and consequently, in making an award under Code

§ 9.1-401.  In the alternative, the Comptroller argues if any

amount is payable under Code § 9.1-402, an award can only be

made pursuant to former Code § 9.1-402(B).[1]  For the reasons set

forth below, we will affirm in part and reverse in part the

judgment of the circuit court.

---

[1] Code § 9.1-402 was revised in 2006 redesignating the
subsections and adding additional language to the statute,
although the operative language at issue here was not revised
by those amendments.  The 2006 amendment inserted a new
subsection B and redesignated former subsection B as subsection
C.  See 2006 Acts ch. 878.  We will reference the statutory
provisions as they existed before the 2006 amendment, as those
were the operative provisions at the time this case was filed.

## I. RELEVANT FACTS AND PROCEEDINGS BELOW

This case arises under the Virginia Line of Duty Act, Code § 9.1-400 et seq. (the "Act"). Barker is the surviving spouse of Terry Lee Barker, Sr. ("Decedent"), who died on December 8, 2004 from a cardiac arrest while driving his police vehicle in the course of his employment as a deputy sheriff with the Pittsylvania County Sheriff's Department. Before the Decedent began his employment with the Sheriff's Department, he submitted to a pre-employment physical examination which "listed a diagnostic data etiologic reference to diabetes and hypertension," but "there was no finding of heart disease." The death certificate listed Decedent's cause of death as atherosclerotic heart disease.

Barker filed a claim for death and health insurance benefits with the Comptroller pursuant to the Act. The Comptroller denied Barker's claim, stating that Decedent's "pre-employment physical revealed that he suffered from hypertension prior to being hired by the Pittsylvania County Sheriff's Office. Therefore, the presumption clauses [of Code § 65.2-402] do not apply and I must deny your request for line of duty benefits." Barker then filed a complaint in the circuit court pursuant to Code § 9.1-405 for review of the Comptroller's decision. In her complaint, Barker contended she was entitled to line of duty benefits under the Act by virtue

2

of the presumption in Code § 65.2-402. The Comptroller responded, and the circuit court elected to decide the case based on the pleadings after the parties agreed the facts were not in dispute.

By letter opinion, the circuit court adopted Barker's proposed findings of fact which included a summary of Decedent's medical history, a summary of the de bene esse deposition of Richard A. Schwartz, M.D., who was qualified as an expert in the area of medicine and cardiology, medical records from Decedent's pre-employment physical examination, and medical and investigation reports relating to Decedent's death. A specific finding of fact was that the Decedent "died on the job from a cardiac arrest, and the Report of Investigation by [the] Medical Examiner listed his cause of death as atherosclerotic heart disease."

Investigator Lonnie F. Craft from the Department of State Police completed the investigation report for Barker's claim pursuant to Code § 9.1-403. Craft's report indicated that on December 8, 2004, Decedent was "repositioning a surveillance camera at an area where deer carcasses were being dumped." This task involved jumping across a four-foot ditch while carrying a fifty-pound battery. After completing this assignment, Decedent was driving his police car, with another officer as a passenger, when he "suffered a heart attack" and

died later that day. According to the investigation report, "[t]he facts determined during this investigation indicate that this death was line of duty related." Dr. Schwartz testified that the cause of Decedent's death was "coronary artery disease" commonly known as a "heart attack," and that Decedent's pre-employment physical examination revealed "no pathologic evidence of hypertensive cardiac disease."

The circuit court's letter opinion stated the court had considered the evidence, the findings of fact and memoranda of the parties, and determined that "the Comptroller has misinterpreted the plain language of [Code § 65.2-402]."

> Assuming, but not determining, that [Decedent] was found to be suffering from hypertension at the time of his physical, Barker is still entitled to the presumption. At the time of his physical he was free from respiratory diseases, cancer and heart disease. He did not die of hypertension. He died of atherosclerotic heart disease. Since [Decedent] died from [h]eart disease, not hypertension, Barker is entitled to the presumption afforded by [Code § 65.2-402(B)].

The circuit court concluded by stating that "Barker is entitled to the benefits resulting from the death of [the Decedent] while in the line of duty." The circuit court then entered a final order on January 11, 2007, which incorporated the letter opinion and gave judgment in favor of Barker for $75,000 under Code § 9.1-402(A). The judgment also directed the Comptroller to reimburse Barker for "all of her paid health insurance

4

premiums since the death of her husband" and "to secure and provide health insurance benefits available to . . . a spouse of a deceased employee covered by the Line of Duty Benefits Plan of the Commonwealth of Virginia." We awarded the Comptroller this appeal.

## II. STANDARD OF REVIEW

This appeal presents a matter of statutory interpretation and is subject to de novo review by this Court. Wright v. Commonwealth, 275 Va. 77, 80-81, 655 S.E.2d 7, 9 (2008).

> When interpreting statutes, courts "ascertain and give effect to the intention of the legislature." That intent is usually self-evident from the words used in the statute. Consequently, courts apply the plain language of a statute unless the terms are ambiguous, or applying the plain language would lead to an absurd result.

Boynton v. Kilgore, 271 Va. 220, 227, 623 S.E.2d 922, 925 (2006) (citations omitted).

## III. ANALYSIS

On appeal, the Comptroller makes four assignments of error. First, the Comptroller contends that the circuit court erred when it awarded $75,000 to Barker pursuant to Code § 9.1-402(A). Second, the Comptroller argues the circuit court erred by granting Barker "the presumption offered by Code § 65.2-402 . . . because [Decedent] was diagnosed with hypertension at his pre[-]employment physical examination." Additionally, the Comptroller contends the circuit court "erred in failing to

5

afford the proper weight to the interpretation of [Code] §§ 65.2-402 and 9.1-402(A) and (B)."  Finally, the Comptroller posits that the circuit court erred by awarding Barker health insurance benefits under Code § 9.1-401.

We first address the Comptroller's assignment of error regarding the circuit court's "fail[ure] to afford the proper weight to the interpretation of [§§] 65.2-402 and 9.1-402(A) and (B) by the . . . Comptroller."  Although "the practical construction given to a statute by public officials charged with its enforcement is entitled to great weight by the courts and in doubtful cases will be regarded as decisive," Southern Spring Bed Co. v. State Corp. Comm'n, 205 Va. 272, 275, 136 S.E.2d 900, 902 (1964), "when an issue involves a pure question of statutory interpretation, that issue does not invoke the agency's specialized competence but is a question of law to be decided by the courts."  Alliance to Save the Mattaponi v. Commonwealth, 270 Va. 423, 442, 621 S.E.2d 78, 88 (2005).  The circuit court's review of the Comptroller's decision solely involved matters of statutory interpretation and did not rely on the Comptroller's "specialized competence."  Id.  Thus, the circuit court was not required to give any weight to the Comptroller's interpretation of the statute, and the assignment of error on this issue is without merit.

## A. Application of Code § 9.1-402(A)

The Comptroller contends that Barker was not entitled to receive an award under Code § 9.1-402(A), and the circuit court's judgment making that award is reversible error. The Comptroller argues that the evidence failed to establish a direct or proximate causal connection between Decedent's death and any employment-related work performed by Decedent which caused his death. In the absence of that evidence, the Comptroller contends Barker failed to prove a claim under Code § 9.1-402(A) as a matter of law because Decedent's "death merely occurred while he was working, but was not the immediate result of the work he was performing."

Barker responds that "[t]he evidence establishes and the [t]rial [c]ourt found that [Decedent's] death was the direct and proximate result of the performance of his duty." Barker insists that the presumption of Code § 65.2-402(B) applies to the court's analysis of benefits payable under Code § 9.1-402(A), and that Barker was therefore entitled to receive the $75,000 award.[2] We agree with the Comptroller and hold that the circuit court erred in making an award to Barker pursuant to Code § 9.1-402(A).

---

[2] The 2006 amendment to Code § 9.01-402 inserted a new subsection (B), which entitles a claimant to receive an award of $100,000 if the deceased's "death occurred on or after January 1, 2006."

7

Code § 9.1-402(A) provides, in pertinent part, that "[t]he beneficiary of a deceased person whose death occurred . . . while in the line of duty as the direct or proximate result of the performance of his duty shall be entitled to receive the sum of $75,000." Code § 65.2-402(B) provides, in pertinent part,

> Hypertension or heart disease causing the death of . . . sheriffs and deputy sheriffs . . . shall be presumed to be occupational diseases, suffered in the line of duty, that are covered by this title unless such presumption is overcome by a preponderance of competent evidence to the contrary.

Subsection (D) of that statute provides, in pertinent part:

> The presumptions described in subsection . . . B . . . of this section shall only apply if persons entitled to invoke them have, if requested[,] . . . undergone preemployment physical examinations that . . . found such persons free of respiratory diseases, hypertension, cancer or heart disease at the time of such examinations.

The circuit court made the Code § 9.01-402(A) award based on its conclusion that the Comptroller "misinterpreted the plain language of § 65.2-402." The circuit court did not, however, explain its rationale for determining why or how the court applied the presumption of Code § 65.2-402 to effect an award of benefits to Barker under Code § 9.1-402(A).

Code § 9.1-402(A) permits an award only when a qualifying deceased person died "while in the line of duty as the direct or proximate result of the performance of his duty." The plain

8

language of the statute thus requires proof of two distinct conditions precedent for a Code § 9.1-402(A) award: the death must have occurred (1) "while in the line of duty" and (2) "as the direct or proximate result of the performance of his duty." Evidence presented by Barker confirmed that the Decedent died in the "line of duty," and the Comptroller concedes that is correct. Thus, we need consider only whether the second condition precedent was met.

To make a Code § 9.1-402(A) claim, the claimant must adduce proof of "the direct or proximate result of the performance" of duty as the cause of death, and the presumption under Code § 65.2-402 is of no aid in that regard. There is simply no nexus between the presumption of a statutory medical condition under Code § 65.2-402 as a cause of death and whether the death was "the direct or proximate result of the performance" of a duty. Even if the presumption applies, it would only prove that the Decedent died from one of the statutory medical conditions while in the line of duty. That presumed fact proves nothing in relation to the required Code § 9.1-402(A) condition precedent of death "as the direct or proximate result of the performance" of the deceased person's law enforcement duty. Thus, to the extent the circuit court made the Code § 9.1-402(A) award based on the presumption under Code § 65.2-402, it was erroneous. Accordingly, Barker cannot

9

benefit from the presumption afforded by Code § 65.2-402 in her claim under Code § 9.1-402(A).

Barker contends, in the alternative, that the Code § 9.1-402(A) award by the circuit court was not erroneous because the circuit court "found as a matter of fact that [Decedent] died from cardiac arrest while in the line of duty" and "[t]he immediate temporal proximity between [Decedent's] labor while in the performance of his duty and his heart attack[,] is sufficient evidence of the causal connection between [Decedent's] death and the performance of his duty."  Barker's contention fails, however, because the circuit court did not hold the Decedent's death was "the direct or proximate result of the performance of his duty," and the evidence in this record would not have supported such a determination.

Proximate cause "is that act or omission which, in natural and continuous sequence, unbroken by an efficient intervening cause, produces the event, and without which that event would not have occurred."  Doherty v. Aleck, 273 Va. 421, 428, 641 S.E.2d 93, 97 (2007) (citations omitted).  Black's Law Dictionary defines "direct cause" or "proximate cause" as "[a] cause that is legally sufficient to result in liability" and "[a] cause that directly produces an event and without which the event would not have occurred."  Black's Law Dictionary 234 (8th ed. 2004).

10

Barker's contention that the circuit court found the direct and proximate cause of Decedent's death to be the performance of his law enforcement work is inaccurate. The circuit court's only finding was that Decedent "died on the job from a cardiac arrest," and that finding made no connection to proximate cause. Barker points to no other place in the record to support a finding by the circuit court of direct and proximate causation.

Barker further argues, though, that the evidence in the record supports a holding that Decedent's law enforcement duties on the day of his death were the direct and proximate cause of his death. Barker argues that Decedent's death while on duty and which occurred at some point after he carried a fifty-pound battery and leapt across a ditch, is evidence of the causal connection required by the statute. We disagree.

While "[t]here may be more than one proximate cause of an event," Doherty, 273 Va. at 428, 641 S.E.2d at 97, the condition precedent of Code § 9.1-402(A) requires proof that the causal event was the proximate cause of death. The evidence in this record fails to prove any law enforcement duty activity of Decedent was a proximate cause of his death, much less the proximate cause. The record contains no medical evidence establishing any causal connection between Decedent's cause of death and his law enforcement activity. Neither is

11

there any nonmedical evidence which establishes the law enforcement duties as the proximate cause of death.  At best, Barker's evidence is that at some point before he died, Decedent crossed a ditch carrying a heavy weight.  This anecdotal event can only be connected to Decedent's later death by mere speculation, which fails to prove any direct and proximate cause relationship.  See Cohn v. Knowledge Connections, Inc., 266 Va. 362, 369, 585 S.E.2d 578, 582 (2003) (citation omitted) ("evidence proving a causal connection must be 'sufficient to take the question out of the realm of mere conjecture, or speculation, and into the realm of legitimate inference' ").

Barker's evidence thus failed to prove the required Code § 9.1-402(A) condition precedent that Decedent's performance of his law enforcement duty was the direct or proximate cause of his death.  This failure of proof is conclusive as to Barker's claim for benefits pursuant to Code § 9.1-402(A).  Accordingly, the circuit court erred in awarding Barker $75,000 pursuant to Code § 9.1-402(A).

### B. Code § 65.2-402

Although Barker was not entitled to receive a $75,000 award under Code § 9.1-402(A), we must determine whether she is nonetheless entitled to a $25,000 award under Code § 9.1-

402(B).[3]  Under subsection (B), a claimant is entitled to an award when the deceased person's death "arose out of and in the course of his employment" and is "[s]ubject to the provisions of . . . § 65.2-402."  The Comptroller concedes Decedent's death arose out of and in the course of his employment as a deputy sheriff.  The issue is whether the Code § 65.2-402 presumption applies.

The Comptroller assigns error to the circuit court's judgment that Barker is entitled to the presumption set forth in Code § 65.2-402(B).  Even though the circuit court erroneously interpreted the presumption as applicable to a Code § 9.1-402(A) award, the holding that the presumption is in effect as to the Decedent would apply to substantiate a Code § 9.1-401(B) award.  The Comptroller contends on appeal, as he did in the circuit court, that "[m]ere presence of a listed condition precludes application of the presumption afforded by Code § 65.2-402(B)."  The Comptroller argues the Code § 65.2-402(B) presumption is limited by subsection (D) of that statute which requires that a decedent have been found in his pre-employment physical to be "free of respiratory diseases, hypertension, cancer or heart disease at the time of such examinations."

_____

[3] The circuit court did not address an award under Code § 9.1-402(B) since it made an award under subsection (A).

13

The Comptroller contends that because the statutory conditions (respiratory diseases, hypertension, cancer or heart disease) are listed in the disjunctive, the presence of any of those conditions in the pre-employment physical examination negates the application of the subsection (B) presumption. "[A] diagnosis of hypertension in a preemployment physical . . . precludes application of the presumption provided by Code § 65.2-402(B)" regardless of the medical condition that actually caused Decedent's death, according to the Comptroller. Thus, even though Decedent's death "arose out of and in the course of his employment," Barker cannot prevail in a Code § 9.1-401(B) claim because Code § 65.2-402 does not apply, in the Comptroller's viewpoint.

Barker responds that the "use of the disjunctive 'or' in [Code § 65.2-402(D)(iv)] strongly suggests that an employee's pre-employment physical need not find the employee free of all the listed conditions . . . to recover compensation for a condition with which the employee was not diagnosed in the pre-employment physical." Barker contends that this Court's decision in Berry v. County of Henrico, 219 Va. 259, 247 S.E.2d 389 (1978) confirms that a claimant is entitled to the benefit of the presumption when the pre-employment examination "fails to make a positive finding of the disease which subsequently brings about the disability or death" of the employee.

(Emphasis in original.)  Barker also cites cases from the Virginia Worker's Compensation Commission and other jurisdictions which hold that the statutory presumption applies when the pre-employment physical examination reveals no evidence of the later fatal condition.[4]  Barker contends "[n]o legal basis exists for permitting the [Comptroller] to reject the Line of Duty benefit for Barker based upon an equivocal diagnosis of hypertension on June 12, 1996, when her husband died of a massive heart attack in 2004."  We agree with Barker.

The circuit court held in its final order that because Barker died from heart disease and not hypertension, he was entitled to the presumption provided in Code § 65.2-402(B).

> [Decedent] underwent the requisite pre-employment examinations, was employed by the Pittsylvania County Sheriff's Department, and served from 1996 until his death on December 8, 2004, while on duty.  Assuming, but not determining, that [Decedent] was found to be suffering from hypertension at the time of his physical, Barker is still entitled to the presumption.  At the time of his physical he was free from respiratory diseases, cancer, and heart disease.  He did not die of hypertension.  He died of atherosclerotic heart

---

[4] Two cases cited by Barker include <u>Arnold v. City of Norfolk Sheriff's Office</u>, VWC File No. 197-62-80, 2002 WL 31941591 (Workers' Comp. Cmm'n 2002) (ruling that <u>Berry</u> requires application of the presumption when the pre-employment physical examination fails to make a positive finding of the disease which subsequently brings about the death or disability of the employee); and <u>Florida v. Reese</u>, 911 So.2d 1291, 1291-92 (Fla. Dist. Ct. App. 2005) (interpreting similar statute and concluding presumption applied when the pre-employment physical examination revealed "no evidence of the later disabling or fatal condition").

disease.  Since [Decedent] died from [h]eart disease, not hypertension, Barker is entitled to the presumption afforded by [Code § 65.2-402(B)].

The principle we explained in Berry is applicable to the case at bar and supports the judgment of the circuit court.  In that case, Ray C. Berry, a firefighter, suffered an acute myocardial infarction while off duty.  Id. at 261, 247 S.E.2d at 390.  Prior to his employment, Berry submitted to a physical examination which revealed "no evidence of hypertension or arteriosclerotic cardiovascular disease."  Id.  After Berry suffered his heart attack, his employer's doctor provided expert testimony that his heart attack was "not an occupational disease arising from his employment as a fireman."  Id. at 262, 247 S.E.2d at 391.  The expert also testified that Berry's pre-employment physical examination revealed several risk factors, including Berry's family history of heart trouble, smoking and weight problems, and concluded that Berry was not free from heart disease at the time of his pre-employment physical examination.  Id. at 263, 247 S.E.2d at 391.

Based on this evidence, the Industrial Commission denied the statutory presumption because the "evidence fail[ed] to prove that the claimant was free of the condition prior to

16

making his claim."[5]  Id. at 264, 247 S.E.2d at 391.  This Court disagreed and held: "we think it clear that the General Assembly intended the presumption to apply in those instances where an examination conducted under the direction and control of the employer fails to make a positive finding of the disease which subsequently brings about the disability or death."  Id. at 264-65, 247 S.E.2d at 392 (emphasis added).

We reiterated this holding in Garrison v. Prince William County, 220 Va. 913, 265 S.E.2d 687 (1980).  In Garrison, George Garrison was employed as a deputy sheriff and underwent a pre-employment physical examination which showed he was in good health, but Garrison's testimony revealed he knew before taking the job that he suffered from high blood pressure.  Id. at 916, 265 S.E.2d at 688-89.  Over the course of several

_____

[5] Berry sought the presumption of former Code § 65.1-47.1, worded similarly to the presumption Barker seeks under Code § 65.2-402, which stated in pertinent part:

The death of, or any condition or impairment of health of, salaried or volunteer fire fighters caused by respiratory diseases, and the death of, or any condition or impairment of health of, salaried or volunteer fire fighters . . . caused by hypertension or heart disease, resulting in total or partial disability shall be presumed to be an occupational disease suffered in the line of duty that is covered by this Act unless the contrary be shown by competent evidence; provided that prior to making any claim based upon such presumption, such salaried or volunteer fire fighter shall have been found free from respiratory diseases, hypertension or heart disease, as the case may be . . . by a physical examination.

17

years, Garrison sought and received medical treatment for hypertension, and eventually his doctor "advised him to curtail his work activity."  Id. at 916, 265 S.E.2d at 689.  Garrison then sought recovery for lost wages due to hypertension, and the Industrial Commission refused his claim and ruled that the statutory presumption did not apply based upon Garrison's pre-employment knowledge that he had high blood pressure.  Id. at 916-17, 265 S.E.2d at 689.  We reversed and applied our reasoning in Berry "that 'the General Assembly intended the presumption . . . to apply in those instances where an examination conducted under the direction and control of the employer fails to make a positive finding of the disease which subsequently brings about the disability or death' of a claimant."  Id. at 919, 265 S.E.2d at 691.

Code § 65.2-402 has been revised since our decisions in Berry and Garrison to remove the language "as the case may be," included in former Code § 65.1-47.1.  The Comptroller cites the General Assembly's removal of the phrase "as the case may be" when it amended and renumbered Code § 65.1-47.1 to become Code § 65.2-402, as well as other statutes which use that phrase, for the proposition that any listed disease discovered in the pre-employment physical examination would preclude the presumption, regardless of the disease or condition which later causes the death.  The Comptroller asserts "[i]f the General

18

Assembly had intended for the . . . presumption to be inapplicable only when the employee dies from the exact same disease as was diagnosed at the preemployment examination, then it would have used the phrase 'as the case may be' or a similar phrase."

We find no significance in the use or deletion of the phrase "as the case may be" in the applicable statute. It appears to carry no substantive meaning, contrary to what the Comptroller asserts. The plain language of Code § 65.2-402(D) is in the disjunctive, not the conjunctive, and indicates the listed medical conditions are to be considered separately. Moreover, the Comptroller's proposed interpretation of the statute does not further the purposes behind the statute, nor does the phrase "as the case may be" change the analysis of our holdings in Berry and Garrison.

The Comptroller's interpretation of the statute would prohibit an applicant who, for example, is diagnosed at a pre-employment physical examination with a disease such as an operable form of melanoma, from receiving the benefit of the presumption when that same employee later suffers an unrelated heart attack. Clearly the two diseases are unconnected, and we have previously and consistently interpreted the statute in such a way as to allow the presumption when the pre-employment

physical examination fails to reveal the disease which later brings about the disability or death.

Reading the statutory language "free of respiratory diseases, hypertension, cancer or heart disease" in the disjunctive provides for an interpretation that comports to the General Assembly's intent in enacting the presumption.  See Dinwiddie County Sch. Bd. v. Cole, 258 Va. 430, 436, 520 S.E.2d 650, 653 (1999) ("[S]hould doubt remain, [the claimant] is entitled to the benefit of the doubt [because t]he provisions of the Workers' Compensation Act 'should be liberally construed to carry out [its] humane and beneficial purposes.' ") (citation omitted).[6]  Thus, the Decedent's diagnosis of hypertension in his pre-employment physical examination is not a bar to the application of the statutory presumption because

---

[6] The Comptroller's only caselaw support for his position are two unpublished opinions of the Court of Appeals, Allen v. City of Norfolk Police Dep't, Record No. 0897-97-1 (Aug. 26, 1997) and Brown v. Loudoun County, Record No. 2138-96-4 (April 1, 1997).  Neither helps the Comptroller.  In Allen, the record showed a direct causal link existed between the claimant's pre-employment physical examination and the disease he later suffered.  Record No. 0897-97-1, slip op. at 4.  In Brown, the pre-employment physical examination revealed "probable" hypertension, and the claimant was denied the benefit of the presumption for his claim of work-related hypertension. Record No. 2138-96-4, slip op. at 2-3.  In both Allen and Brown, the disease diagnosed in the pre-employment physical examination was the same disease suffered by the claimant who sought the presumption.  Allen and Brown are thus consistent with our holdings in Berry and Garrison.

20

his death by heart disease was a separate and different medical condition.

We hold that the presumption set forth in Code § 65.2-402(B) applies. Accordingly, Decedent's death "shall be presumed to be [an] occupational disease[], suffered in the line of duty, that [is] covered . . . unless such presumption is overcome by a preponderance of competent evidence to the contrary." Based on the record before us, the Comptroller failed to overcome this presumption. Consequently, Barker is entitled to recover $25,000 pursuant to Code § 9.1-402(B). Indeed, the Comptroller concedes that if Barker has a valid claim under the Act and the presumption applies, then Barker "is entitled to a payment of $25,000."

### C. Health Insurance Benefits

The Comptroller also assigned error to the judgment of the circuit court awarding health insurance benefits to Barker under Code § 9.1-401. However, the Comptroller conceded on oral argument that if Barker is entitled to an award under Code § 9.1-402(B), then she is also entitled to the award of health insurance benefits. As we have determined Barker is entitled to the Code § 9.1-402(B) award, the circuit court did not err in awarding her health insurance benefits under Code § 9.1-401.

### IV. CONCLUSION

21

We will therefore reverse the circuit court's judgment which awarded Barker $75,000, but will enter judgment for Barker in the amount of $25,000 under Code § 9.1-401(B). We will also affirm the circuit court's judgment awarding health insurance benefits to Barker under Code § 9.1-401.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and final judgment</u>.