RAY, J.,
dissenting.
Because I conclude that subparagraph 112.18(l)(b)4 renders Appellant ineligible for the presumption of occupational causation for both dates of accident, I respectfully dissent.
To be entitled to the rebuttable presumption of occupational causation in paragraph 112.18(l)(a), Florida Statutes (2013), which provides that a heart condition like Appellant’s is presumed to be the result of *141 an accident in the line of duty, a claimant * is required under subparagraph 112.18(l)(b)4 to “make” a claim for benefits prior to or within 180 days after leaving the employment of the employing agency. The Judge of Compensation Claims correctly ruled that Appellant did not meet this deadline. It is undisputed that Appellant did not file a petition for benefits within this time period. And to the extent that this subparagraph can be construed to include activities other than filing a petition for benefits, the Judge of Compensation Claims found that-Appellant failed to take any action that constituted a claim for benefits within the applicable time frame.
To challenge this ruling, Appellant argues, and -the majority agrees, that the date reference in subparagraph 112.18(l)(b)l qualifies subparagraph (b)4, such that the 180-day limitation period applies only to cases with dates of accident on or after July 1, 2010. I disagree. In my view, the date reference in subpara-graph (b)l is a red herring. Just because subparagraphs (b)l and (b)4 were enacted together and became effective on the same date, does not mean that a qualifier within subparagraph (b)l governs or controls the applicability of subparagraph (b)4. The two provisions are independent of each other, as evidenced by both their structure and content.
In rejecting Appellant’s argument that language from subparagraph (b)l constrains application of subparagraph (b)4, the Judge of Compensation Claims appropriately relied on the scope-of-subparts canon, a rule of interpretation grounded in textualist principles. The scope-of-sub-parts canon provides that “[mjaterial within an indented subpart relates only to that subpart; material contained in unindented text relates to all the following or preceding indented subparts.” Scalia and Garner, Reading Law: The Interpretation of Legal Texts 156-60 (2012). The logic of this canon can be observed in the specific structure of the statute at issue: the July 1, 2010, date restriction is not contained in an overarching or general “paragraph (b)” that would have equal applicability to the provisions of its subparts. Instead, the date restriction is contained only in sub-part (b)l, which contains an independent clause ending in a period, suggesting that at least structurally, “what happens in [subpart (b)l] stays in [subpart (b)l].” Id. at 157.
The content of the two subparts supports the inference derived from their structure that one does not limit the other. Subparagraph (b)l creates a reverse presumption (“a[n] ... officer ... is presumed not to have incurred such disease in the line of duty if’), whereas subparagraph (b)4 establishes a deadline for a claimant to invoke the presumption (“[an] officer ... is not entitled to the presumption provided in this section unless a claim for benefits is made prior to or within 180 days”). In addition, the key terminology is different. Subparagraph (b)l’s words “claim” and “occurring” are not the same as subparagraph (b)4’s “claim for benefits” and “made.” The Legislature’s use of the phrase “claim for benefits” evinces an intention more narrow than the word “claim” might convey — specifically, an intent to refer to the claimant-initiated process of obtaining workers’ compensation benefits. See Ocean Reef Club, Inc. v. Wilczewski, 99 So.3d 1, 11-12 (Fla. 3d DCA 2012) (Shepherd, J., dissenting). The subparts at issue announce distinct principles of law, and there is no reason apparent from the text why they should be tied together by a date reference that appears in only one of them.
*142 Once subparagraph (b)l is decoupled from subparagraph (b)4, the issue becomes whether the 180-day time frame in (b)4 is a procedural enactment, and thus- retroactive under Menendez v. Progressive Express Insurance Co., 35 So.3d 873 (Fla. 2010). Menendez sets out a two-pronged test for determining retroactivity:
First, the Court must ascertain whether the Legislature intended for the statute to apply retroactively. Second, if such an intent is clearly expressed, the Court must determine whether retroactive application would violate any constitutional principles.
Id. at 877. Here, the legislative intent of retroactivity is evident from the phrase “claim for benefits” and the absence of any mention of dates of accident. Given that existence of a claim for benefits presumes a prior date of accident, subparagraph (b)4 clearly contemplates claims for benefits that relate to dates of disablement preceding its enactment.
The second prong of Menendez is also met as this court’s precedent has upheld the constitutionality of retroactive application of substantially similar provisions. In Seminole County Sheriffs. Office v. Johnson, 901 So.2d 342 (Fla. 1st DCA 2005), we held that a 2002 amendment to subsection 112.18(1), which expanded the class of workers entitled to the presumption, was a procedural enactment that applies retroactively without regard to the date of accident and injury. Id. at 343. We reasoned that the amendment “changed only the procedure of establishing entitlement to workers’ compensation benefits. Appellant’s substantive right to those benefits, or lack thereof, has remained unchanged since the date of his first stroke.” Id. at 344 (citation omitted).
In Brown v. L.P. Sanitation, 689 So.2d 332 (Fla. 1st DCA 1997), on which we relied in Johnson, we likewise found that an enactment, which eliminated a rebutta-ble presumption that an overpayment of benefits was an irrevocable gift from the carrier to the injured worker, was procedural and therefore applied retroactively. We observed that elimination of the presumption “does not rule out proof that a payment was a gift.... [It] changed only the procedural means and methods of establishing entitlement to benefits or offsets which flow from substantive rights that have remained unchanged since the date of [the accident].” Id. at 333. Similarly here, nothing in subparagraph 112.18(l)(b)4 prohibits Appellant from pursuing workers’ compensation benefits for his heart condition. It does, however, remove an evidentiary presumption and change the mode of procedure “unless a claim for benefits is made prior to or within 180 days after leaving the employment of the employing agency.”
For these reasons, I would affirm the order of the Judge of Compensation Claims and conclude that subparagraph 112.18(l)(b)4 bars reliance on the presumption for both of Appellant’s dates of accident.

The 180-day limitation period applies to law enforcement officers, correctional officers, and correctional probation officers. § 112.18(l)(b)4.