# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Antoine M. Austin

v.

State Farm Mutual
Automobile Insurance Co.

December 15, 2015

Case No. (Civil) CL15-318

BY JUDGE JOHN W. BROWN

This matter arises from an automobile accident that occurred on March 12, 2011, and the subsequent trial. At the time of the accident, Austin, the plaintiff in the instant matter, was insured by State Farm. The plaintiff maintains that he was covered by three State Farm insurance policies, each in the amount of $100,000. The case went to trial, and a jury returned a verdict of $400,000 against Austin. State Farm paid on two of the three policies, but maintains that the third policy had been canceled due to nonpayment of premiums.

The instant case concerns whether State Farm provided the plaintiff with adequate notice of cancellation pursuant to Va. Code § 38.2-2208, pursuant to its terms in 2011. Accordingly, the Court applies the statute in effect at that time, which was the 2009 version; it provided in relevant part:

> A. No written notice of cancellation or refusal to renew that is mailed, or delivered electronically if the notice is of a refusal to renew, by an insurer to an insured in accordance with the provisions of a motor vehicle insurance policy shall be effective unless:
>
> 1. a. It is sent by registered or certified mail,
>
> b. At the time of mailing, the insurer obtains a written receipt from the United States Postal Service showing the name and address of the insured stated in the policy,
>
> c. At the time of mailing, the insurer (i) obtains a written receipt from the United States Postal Service showing the date

of mailing and the number of items mailed and (ii) retains a mailing list showing the name and address of the insured stated in the policy, or the last known address, to whom the notices were mailed, together with a signed statement by the insurer that the written receipt from the United States Postal Service corresponds to the mailing list retained by the insurer, or

d. If it is a notice of refusal to renew that is delivered electronically, the insurer retains evidence of electronic transmittal or receipt of the notification for at least one year from the date of the transmittal; and. . . .

State Farm maintains that it complied with subsection (c) in sending the notification of cancellation to Austin. The plaintiff argues, however, that, under the statutory terms effective in 2011, State Farm was required to comply with subsections (a), (b), and (c). Consideration of this argument requires the Court to examine the various iterations of Va. Code § 38.2-2208, the plaintiff maintains.

After the 2003 amendment, the statute provided in relevant part:

A. No written notice of cancellation or refusal to renew that is mailed by an insurer to an insured in accordance with the provisions of a motor vehicle insurance policy shall be effective unless:

1. a. It is sent by registered or certified mail,

b. At the time of mailing, the insurer obtains a written receipt from the United States Postal Service showing the name and address of the insured stated in the policy, or

c. At the time of mailing, the insurer (i) obtains a written receipt from the United States Postal Service showing the date of mailing and the number of items mailed and (ii) retains a mailing list showing the name and address of the insured stated in the policy, or the last known address, to whom the notices were mailed, together with a signed statement by the insurer that the written receipt from the United States Postal Service corresponds to the mailing list retained by the insurer; and. . . .

The statute was next amended in 2009, as discussed *supra.* Subsequently, following the 2013 amendment, the statute provided in relevant part:

A. No written notice of cancellation or refusal to renew that is mailed, or delivered electronically, by an insurer to an insured in accordance with the provisions of a motor vehicle insurance policy shall be effective unless:

1. a. It is sent by registered or certified mail;

b. At the time of mailing, the insurer obtains a written receipt from the United States Postal Service showing the name and address of the insured stated in the policy;

c. At the time of mailing, the insurer (i) obtains a written receipt from the United States Postal Service showing the date of mailing and the number of items mailed and (ii) retains a mailing list showing the name and address of the insured stated in the policy, or the last known address, to whom the notices were mailed, together with a signed statement by the insurer that the written receipt from the United States Postal Service corresponds to the mailing list retained by the insurer; or

d. If such notice is delivered electronically, the insurer retains evidence of electronic transmittal or receipt of the notification for at least one year from the date of the transmittal; and. . . .

In sum, the plaintiff argues that, prior to 2009, the notice State Farm provided him would have been sufficient, as there was an "or" following subsection (b). However, the 2009 amendment removed the "or" and, therefore, the legislature required the insurer to send the notice via registered or certified mail. The plaintiff contends that this amendment is presumed to be substantively effective under *West Lewinsville Heights Citizens Ass'n v. Board of Supervisors*, 270 Va. 259 (2005); *id.* at 265 ("[W]hen current and prior versions of a statute are at issue, there is a presumption that the General Assembly, in amending a statute, intended to effect a substantive change in the law. Further, we assume that the General Assembly's amendments to a statute are purposeful, rather than unnecessary.") (internal citations omitted). Furthermore, the plaintiff notes that the statute has been amended in 2015, to allow the insurer to send a cancellation by "registered or certified mail or any other similar first-class mail tracking method."

The defendant counters that the legislative history of Va. Code § 38.2-2208 simply illustrates the addition of mailing methods; it would be duplicative to require an insurer to comply with subsections (a), (b), and (c), as each satisfies that the cancellation notice has been mailed. To require compliance with (b) and (c) would be duplicative; each requires the insurer to obtain a written receipt from the United States Postal Service, albeit in different forms.

In construing a statute, this Court examines the plain language of the enactment and interprets the words and structure employed by legislature as such, unless this analysis would yield an absurd result. *See, e.g., Lewis v. City of Alexandria*, 287 Va. 474, 486 (2014) (citing *Baker v. Commonwealth*, 284 Va. 572, 576 (2012)); *Lee Cnty. v. Town of St. Charles*, 264 Va. 344, 348 (2002).

A facial reading of the statute, in context with its legislative history, reveals that the defendant's position is correct. The legislature merely set forth alternative methods by which insurers may provide notice to an insured. It would be counter-intuitive to conclude that a statute containing paragraphs organized: (a), (b), (c), or (d)[1] automatically requires compliance with the first three options, leaving the fourth as an alternative. *See, e.g., TravCo Ins. Co. v. Ward*, 284 Va. 547, (2012) ("The plain language . . . is in the disjunctive, not the conjunctive, and indicates the listed . . . conditions are to be considered separately.' (quoting *Commonwealth v. Barker*, 275 Va. 529, 544 (2008))). The 2009 amendment moved the coordinating conjunction "or" from the end of subsection (b) to the end of subsection (c) to account for the addition of subsection (d) in the series. It is not logical that this grammatical movement of the conjunction would convert the "(a), (b), or (c)" series from disjunctive to conjunctive. To plainly achieve the result of the plaintiff's construction, the legislature could have inserted the conjunction "and" between subsections (a) and (b), or place "and" again in between subsections (b) and (c) if it wanted to require compliance with all three of these paragraphs. However, the legislature elected not to do so.

The separation of subsections (b) and (c) by "or" in the 2003 version of the statute illustrates that, at least at that time, they represented distinct alternatives for statutory compliance. That aside, to require compliance with subsections (b) and (c) would be absurd under the 2009 version of the statute. Subsection (b) mandates the insurer to obtain a written USPS receipt with the stated insured's name and address. Subsection (c) requires the insurer to obtain a written USPS receipt showing the date of mailing and the number of items mailed, and to retain a mailing list showing the name and address of the stated insured, along with a signed statement that the USPS receipt corresponds to the mailing list.

These subsections achieve the same aim through different means. Compliance with both would necessitate the insurer to provide a written certification of information plainly visible on the face of the documents contemplated under both subsections. A logical reading of the statute yields the conclusion that the insurer's signed statement is required under (c) because the USPS receipt required under that subsection does not contain the names and addresses that the USPS receipt required under subsection (b) must include.

There is, furthermore, no facial significance to the legislature's various use, over the years, of commas and semicolons to separate the statutory subsections. *See, e.g., The Chicago Manual of Style*, § 6.58 (16th ed. 2010) ("When items in a series themselves contain internal punctuation,

---

[1] At the time, however, subsection (d) only applied to notices of refusal to renew delivered electronically, and therefore imposed a specific and separate duty, whereas the other subsections applied to notices of cancellation and refusals to renew.

separating the items with semicolons can aid clarity. If ambiguity seems unlikely, commas may be used instead.")

The Court, therefore, finds that, because the defendant complied with Va. Code § 38.2-2208(A)(1)(c), as effective in 2011, the notice of cancellation was operative. The plaintiff's request for declaratory relief is denied.