PRESENT: All the Justices

EDDIE R. JONES, SR.

OPINION BY
JUSTICE S. BERNARD GOODWYN
June 7, 2018

v. Record No. 170639

COMMONWEALTH OF VIRGINIA,
*ex rel.* DAVID VON MOLL, COMPTROLLER

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Christopher W. Hutton, Judge

In this appeal, we consider whether the circuit court erred when it ruled that a retired firefighter was not a disabled person entitled to receive health insurance benefits under the Virginia Line of Duty Death and Disability Act.

BACKGROUND

On May 21, 2015, Eddie R. Jones, Sr. (Jones) filed a complaint in the Circuit Court of the City of Hampton, appealing "an adverse decision of the Commonwealth of Virginia/Office of the Comptroller" (Comptroller) that denied him health insurance coverage, owed to disabled persons, under the Virginia Line of Duty Death and Disability Act, Code § 9.1-400 *et seq.* (the Act).[1] After a bench trial, the circuit court concluded that the Comptroller had properly applied the provisions of the Act, and dismissed Jones's complaint.

---

[1] This opinion interprets the Act as it existed in 2014 because Jones filed his claim for benefits with the Comptroller in 2014. The Act was subsequently amended, but "rights accrued, claims arising, . . . under the former law, or judgments rendered before the passage of an amended statute, will not be affected by it, but will be governed by the original statute, unless a contrary intention is expressed in the later statute." *Ferguson v. Ferguson*, 169 Va. 77, 87, 192 S.E. 774, 777 (1937); Code § 1-239. The Act does not contain such a contrary intention.

FACTS

Before testimony was taken at trial, counsel for Jones read a list of agreed stipulations into the record:

1. The parties agree that [Jones] was employed with the City of Hampton as a firefighter from October 5, 1977 to August 1, 2010.

2. The parties agree that [Jones] took a service-connected retirement—that is, a retirement based on years of service, and was effectively retired from the fire department as of August 1, 2010.

3. The parties agree that [Jones] was diagnosed with throat cancer on March 11, 2011.

4. The parties agree that one of his treating physicians, Dr. John Mattern, . . . opined that [Jones] was incapacitated from further performance of duty as of November 6, 2013.

Jones testified that he did not experience any health problems while he worked as a firefighter and that he "never had any issues with the physicals" that were administered each year. He explained that his retirement was not health-related but occurred because the City "offered a 20 percent buyout."

Around October 2010, Jones began experiencing a problem with his ear. He visited an ear, nose, and throat specialist who discovered that he had a cyst in his "nasal area." A biopsy was performed and Jones was diagnosed with throat cancer on March 11, 2011. Thereafter, Jones underwent "35 radiation treatments and 12 rounds of chemo."

Jones submitted into evidence a November 6, 2013 Report (Report) completed by Dr. Mattern, the oncologist who performed the chemotherapy treatments. The Report stated that Jones became unable to work as of the date of his diagnosis, March 11, 2011, and that although the cancer was in remission, "[t]here is no way that [Jones] can safely work in any polluted

atmosphere (fumes or smoke) as this would trigger significant respiratory distress and airway compromise." Dr. Mattern explained that Jones "should be considered disabled on the basis of a very bad cancer," which could "recur at any time," and "the toxicities of treatment have been such that [Jones] . . . is at risk for developing significant respiratory distress if exposed to any kinds of fumes or smoke."

Jones also submitted a "stipulated award order" entered by the Virginia Workers' Compensation Commission that awarded him "temporary total disability benefits" and "all reasonable and necessary medical expenses" incurred as a result of his throat cancer.

Finally, Jones submitted the letter from the Comptroller, dated May 20, 2014, that denied him benefits under the Act. The letter stated that because Jones "began service retirement on August 1, 2010, thereby ending [his] performance of duty as a firefighter," his physician's determination "on November 6, 2013 that [he] was no longer fit for duty" did not qualify him to receive health insurance benefits as a "disabled person" under the Act. In the letter, the Comptroller explained that Jones was not "an individual who 'has become mentally or physically incapacitated so as to prevent the further performance of duty.'"

The line of duty coordinator for the Comptroller was called as a witness and testified that she is responsible for "review[ing] the claims as they [come] in and put[ting] together a package for the Comptroller with a recommendation of whether it meets the Code as it's currently written." She testified that it was significant that Jones retired three years prior to the Report, which stated that he could no longer perform the duties of a firefighter, because "[a]s a retiree [Jones] is not performing those duties any longer." She stated that it was the opinion of the

3

Comptroller's office that "Mr. Jones had retired and was no longer an active employee that could be disabled from his profession." She stated that the opinion was based upon the definition of a disabled person as expressed in the Act.

After closing arguments, the court ruled that under the plain reading of the Act, Jones's duties as a firefighter had ceased as of retirement and, because he became disabled after he retired, his claim for insurance coverage under the Act was not viable. The court entered an order dismissing Jones's complaint.

Jones appeals. His assignment of error states:

The trial court erred as a matter of law in its statutory interpretation of § 9.1-401.B, Code of Virginia (1950), as amended, that Jones was not entitled to the line of duty disability benefit.

ANALYSIS

Jones argues that the circuit court erred when it denied him benefits under the Act because, under Code § 9.1-401(B), he qualifies for continued health insurance coverage as someone whose disability "is a condition subject to [Code] § 65.2-402 and . . . arose out of and in the course of his employment." He contends that in adopting the Act, the General Assembly intended "to include as many qualifying disabled firefighters as possible based on disabling events, including those arising under [Code] § 65.2-402(C), the throat cancer involved in this case." The Commonwealth argues that the circuit court did not err because Jones is not a "disabled person" as defined within the Act.

An issue of statutory interpretation "is subject to de novo review by this Court." *Commonwealth v. Barker*, 275 Va. 529, 536, 659 S.E.2d 502, 504 (2008).

When interpreting statutes, courts ascertain and give effect to the intention of the legislature. That intent is usually self-evident from the words used in the statute. Consequently, courts apply the plain language of a statute unless the terms are ambiguous, or applying the plain language would lead to an absurd result.

4

*Id.* (citation and internal quotation marks omitted).

> Although the practical construction given to a statute by public officials charged with its enforcement is entitled to great weight by the courts and in doubtful cases will be regarded as decisive, *when an issue involves a pure question of statutory interpretation, that issue does not invoke the agency's specialized competence but is a question of law to be decided by the courts*.

*Id.* (emphasis added) (citations and internal quotation marks omitted).

City firefighters are listed among the qualifying positions entitled to benefits under the Act. As applicable to the issues in this case, former Code § 9.1-401(B) provided:

> If the *disabled person's* disability (i) occurred while in the line of duty as the direct or proximate result of the performance of his duty or (ii) was subject to the provisions of §§ 27-40.1, 27-40.2, 51.1-813 or § 65.2-402, and arose out of and in the course of his employment, the disabled person, his surviving spouse and any dependents shall be afforded continued health insurance coverage. The cost of such health insurance coverage shall be paid in full out of the general fund of the state treasury.

(Emphasis added.) Under the provisions of Code § 65.2-402(C), which is contained in the Workers' Compensation Act, Code § 65.2-100, *et seq.*, it is presumed that, subject to certain conditions, throat cancer that develops in a firefighter is "an occupational disease, suffered in the line of duty." It is undisputed that the throat cancer suffered by Jones is an occupational disease.

The Act defines a "disabled person" as

> any individual who, as the direct or proximate result of the performance of his duty . . . has become mentally or physically incapacitated *so as to prevent the further performance of duty* where such incapacity is likely to become permanent.

Code § 9.1-400(B) (emphasis added). Thus, the question that must be answered is whether the throat cancer prevented Jones from "further performance of duty" as a firefighter.

Jones contends that the Act does not inquire into the employment status of the disabled person, "nor is entitlement to the benefit predicated on the disability arising before separation from regular employment." We disagree.

The phrase "further performance of duty" is not defined within the Act. "When, as here, a statute contains no express definition of a term, the general rule of statutory construction is to infer the legislature's intent from the plain meaning of the language used." *Hubbard v. Henrico Ltd. P'ship*, 255 Va. 335, 340, 497 S.E.2d 335, 338 (1998). In pertinent part, the plain meaning of "further" is "farther" or "going or extending beyond what exists: additional." Webster's Third New International Dictionary 924 (2002). "Performance" is defined, in relevant part, as "the act or process of carrying out something" or "the fulfillment of a claim, promise, or request." *Id.* at 1678.

"Further performance of duty" concerns *additional* acts in fulfillment of an ongoing duty that extends beyond the promise or duty already completed. In the context of Code § 9.1-400(B), this additional fulfillment regards duties required of a position that qualifies under the Act. We conclude that the plain meaning of "further performance of duty" requires that the disability must occur while an individual is still carrying out obligations in the line of duty, in order for that person to be a "disabled person" under the Act. In this case, the obligations would be those of a firefighter. Thus, for Jones to receive insurance benefits under the Act as a "disabled person," he must have become incapacitated, whether by injury or occupational disease, while he was continuing to carry out his duties as a firefighter.

Throat cancer is properly considered an occupational disease which arose out of Jones's employment. He is entitled to and has been awarded benefits under the Workers' Compensation Act. However, the occupational disease did not result in a disability while Jones was still carrying out his duties as a firefighter. Therefore, he is not entitled to insurance benefits under Code § 9.1-401(B), because he does not meet the definition of a "disabled person" under the Act.

Jones claims that because his injury is listed within Code § 65.2-402, he should be able to benefit from the five-year look-back provision in Code § 65.2-406, and thus, he is entitled to claim benefits under the Act for up to five years after his retirement. This argument fails because it is not supported by the plain language of the applicable statutes. Although Code § 9.1-401(B) references Code § 65.2-402 of the Workers' Compensation Act, it does not also reference Code § 65.2-406, which contains the look-back provision of the Workers' Compensation Act. Further, Code § 9.1-400(B) does not contain a look-back provision within the definition of "disabled person," and Code § 9.1-401(B), which provides the benefits to a "disabled person," also does not contain a look-back provision.

Notably, Code § 9.1-402(C),[2] which provides benefits under the Act for the beneficiaries of individuals who die as the result of an occupational disease, expressly includes a five-year look-back provision. Thus, the omission of a look-back provision in Code § 9.1-401(B) is presumed to be intentional. *Halifax Corp. v. First Union Nat'l Bank*, 262 Va. 91, 100, 546 S.E.2d 696, 702 (2001) ("[W]hen the General Assembly includes specific language in one section of a statute, but omits that language from another section of the statute, we must presume that the exclusion of the language was intentional.").

---

[2] In 2014, the applicable language of Code § 9.1-402(C) stated:

> Subject to the provisions of §§ 27-40.1, 27-40.2, 51.1-813, or § 65.2-402, if the deceased person's death (i) arose out of and in the course of his employment or (ii) was within five years from his date of retirement, his beneficiary shall be entitled to receive the sum of $25,000, which shall be payable out of the general fund of the state treasury.

7

CONCLUSION

Because Jones was retired when he was determined to be "physically incapacitated," his incapacity did not prevent the "further performance" of his duties as a firefighter, because he no longer had firefighting duties to perform. Accordingly, Jones is not a "disabled person" under the Act, and for that reason, he is not "entitled to continued health insurance coverage" under Code § 9.1-401(B). Accordingly, we will affirm the judgment of the circuit court.

*Affirmed.*

8